# United States District Court, Eastern District of Washington
## Magistrate Judge James A. Goeke
## Pittsburgh, Pennsylvania

| | | |
|---|---|---|
| **USA v. BENJAMIN THEODORE STUCKART** | Case No. | **2:25-CR-113-RLP-1** |
| **USA v. MIKKI PIKE HATFIELD** | | **2:25-CR-113-RLP-3** |
| **USA v. BOBBI LEE SILVA** | | **2:25-CR-113-RLP-7** |

Spokane Video Conference (JAG @ Pittsburgh; Counsel and Defendant @ Spokane)
Defendants consented to appear via video conference

**Initial Appearance and Arraignment on Indictment:**   07/15/2025

| | | | |
|---|---|---|---|
| ☒ | Melissa Orosco, Courtroom Deputy | ☒ | Lisa Cartier Giroux, US Atty |
| ☒ | Patrick J. Dennis, US Probation / Pretrial Services Officer | ☒ | Amy Rubin for Nicolas Vieth, Defense Atty for Stuckart (1) |
| ☒ | Defendants present ☒ in custody USM | ☒ | David Partovi, Defense Atty for Hatfield (3) |
| | | ☒ | Carter Powers Beggs for Brooke Hagara, Defense Atty for Silva (7) |
| | | ☒ | Interpreter **NOT REQUIRED** |

| | | | |
|---|---|---|---|
| ☒ | USA Motion for Detention for each Defendant as to Defendants Mikki Hatfield and Bobbi Lee Silva | ☒ | Rights given to each Defendant |
| ☒ | USA not seeking detention as to Defendant Stuckart | ☒ | Acknowledgment of Rights filed for each Defendant |
| ☒ | Financial Affidavit (CJA 23) filed for each Defendant | ☒ | Defendants received copy of Indictment |
| ☒ | Based upon conflict with Federal Defenders, the Court will appoint a CJA Panel Attorney for Defendant Mikki Hatfield and Bobbi Silva | ☒ | Defendants waived reading of Indictment |
| ☐ | Pretrial Services Report ordered | ☒ | Indictment reviewed in open court |
| | | ☒ | Supplemental Pretrial Services Report authorized for each Defendant |
| | | ☒ | AO199c Advice of Penalties & Sanctions filed as to Defendant Stuckart |

## REMARKS

Defendants appeared, in custody, with counsel.

Defendant 1 acknowledged to the Court that his true and correct name is **BENJAMIN THEODORE STUCKART**.

Defendant 3 acknowledged to the Court that his true and correct name is **MIKKI PIKE HATFIELD**.

Defendant 7 acknowledged to the Court that her true and correct name is **BOBBI LEE SILVA**.

Defendants were each advised of their rights and the allegations contained in the Indictment.

"Not guilty" plea entered as to all counts for each Defendant.

Defendant **BENJAMIN THEODORE STUCKART** will retain private counsel. **Federal Defenders will represent Defendant BENJAMIN THEODORE for this hearing only**.

Based on information provided in the Financial Affidavits, the Court appointed CJA counsel, **David Partovi,** to represent Defendant **MIKKI PIKE HATFIELD** in this matter.

Based on information provided in the Financial Affidavits, the Court appointed CJA counsel, **Brooke Hagara,** to represent Defendant **BOBBI LEE SILVA** in this matter. **Federal Defenders will represent Defendant, BOBBI LEE SILVA for this hearing only**.

Government is not seeking detention as to Defendant **BENJAMIN THEODORE STUCKART**; however, requested additional conditions of release be imposed.

Government has filed a motion for detention as to Defendant **MIKKI PIKE HATFIELD** and requested a three-day continuance for the hearing.

Government has filed a motion for detention as to Defendant **BOBBI LEE SILVA** and requested a three-day continuance for the hearing.

Defendant **MIKKI PIKE HATFIELD** requested a detention hearing be set. All parties available on July 18, 2025, at 10:00 a.m.

Defense counsel David Partovi and Carter Powers Beggs argued there is no basis for a detention hearing as to **BOBBI LEE SILVA and MIKKI PIKE HATFIELD**. Should the Court believe there is a basis for a detention hearing, defense counsel has requested the Defendant **BOBBI LEE SILVA and MIKKI PIKE HATFIELD** remain released pending the detention hearing.

Government argued a detention hearing is appropriate as Defendants pose a serious risk of obstruction of justice, is opposed to Defendants remaining released pending the detention hearing.

Defendant **BOBBI LEE SILVA** requested a detention hearing be set. All parties available on July 18, 2025, at 10:00 a.m.

**The Court ordered:**
1. Discovery to be provided according to Local Rules on discovery.
2. Oral order issued confirming the Government's disclosure obligations under the Due Process Protections Act and the possible consequences of violation of said order.
3. Detention hearing set on **July 18, 2025, as to Defendant MIKKI PIKE HATFIELD**.
4. Detention hearing set on **July 18, 2025, at 10:00 a.m. as to Defendant BOBBI LEE SILVA**.
5. Supplemental Pretrial Services Report authorized as to all Defendants.

6. Defendant **MIKKI PIKE HATFIELD** remanded to custody of the U.S. Marshal until further order of the Court.
7. Defendant **BOBBI LEE SILVA** remanded to custody of the U.S. Marshal until further order of the Court.
8. Defendants MIKKE PIKE HATFIELD and BOBBI LEE SILVA shall have no contact, whatsoever, direct or indirect, with any codefendants or persons Defendant knows or reasonably should know are or may become a victim in the subject investigation or prosecution, unless attorneys for defendants are present. Prohibited forms of contact include, but are not limited to, telephone, mail, email, text, video, social media, and/or any contact through any third person or parties. Pretrial Services may but is not required to exempt specific named individuals from this prohibition, including but not limited to immediate family members or co-workers.
9. Conditions of release imposed upon Defendant **BENJAMIN LEE STUCKART** which were read to him in Court. Order forthcoming.
    - Defendant shall not commit any offense in violation of federal, state, or local, or tribal law. Defendant shall advise the supervising Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States government or any federal or state law enforcement agency, including tribal agencies, without providing notice to United States Probation. Defendant shall comply with all conditions of supervision imposed by other courts.
    - Defendant shall report to the United States Probation Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct.
    - Defendant shall sign and complete A.O. Form 199C before being released. Defendant shall reside at an address approved by Pretrial Services and advise the Court, defense counsel and the U.S. Attorney in writing at least twenty-four hours before making any change in address, phone number, or employment.
    - Defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed.
    - Defendant shall not possess a firearm, destructive device, or other dangerous weapon. There shall be no firearms in the home where Defendant resides.
    - Defendant is further advised, pursuant to 18 U.S.C. § 922(n), it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to possess, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.
    - Defendant shall surrender his passport to Pretrial Services and shall not apply for replacements and shall not apply for any travel documents and/or a passport for any country. Defendant may retain his enhanced driver's license.
    - Defendant shall remain in the State of Washington and may travel to District of Idaho while the case is pending. Defendant may be permitted to travel outside this geographical area *with advance notice and approval* from U.S. Probation. Defendant may travel to Minnesota from August 10 through August 17, 2025, for a pre-planned vacation.
    - Defendant shall have no contact, whatsoever, direct or indirect, with any codefendants or persons Defendant knows or reasonably should know are or may become a victim in the subject investigation or prosecution, unless attorneys for defendants are present. Prohibited forms of contact include, but are not limited to, telephone, mail, email, text, video, social media, and/or any contact through any third person or

- parties. Pretrial Services may but is not required to exempt specific named individuals from this prohibition, including but not limited to immediate family members or co-workers.
- Defendant shall remain 200 feet from the HSI facility in Spokane.
- Defendant shall not delete or alter any social media accounts, messaging, or other online form of communication or posting relating to the subject investigation or prosecution.
- Defendant shall contact defense counsel at least once a week.
- Defendant shall not use or possess any narcotic drug or other controlled substances as defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law. Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized to use medical marijuana under state law and regardless of whether marijuana is legal under state law.

**Detention Hearing as to Defendant MIKKI PIKE HATFIELD:**
**07/18/2025 @ 10:00 a.m. [S/JAG]**

**Detention Hearing as to Defendant BOBBI LEE SILVA:**
**07/18/2025 @ 10:00 a.m. [S/JAG]**

*NA; USA not seeking detention as to Defendant BENJAMIN THEODORE STUCKART*