# United States District Court, Eastern District of Washington
## Magistrate Judge James A. Goeke
### Spokane

**USA v. MIKKI PIKE HATFIELD**  　　　　Case No.　**2:25-CR-113-RLP-3**

## Detention Hearing: 　　　　　　　　　　　　　　　　　　　　07/18/2025

| | | | |
|---|---|---|---|
| ☒ | Lee Reams, Courtroom Deputy | ☒ | Lisa Cartier-Giroux, US Atty |
| ☒ | Patrick J. Dennis, US Probation / Pretrial Services | ☒ | David Partovi, Defense Atty |
| ☒ | Defendant present ☒ in custody USM | ☒ | Interpreter: **NOT REQUIRED** |

| | | | |
|---|---|---|---|
| ☐ | Defendant continued detained | ☒ | Conditions of Release imposed |
| | | ☒ | 199C Advice of Penalties/Sanctions |

## REMARKS

Defendant appeared, in custody, with counsel.

The Court has reviewed the Pretrial Services Report (ECF No. 113); Motion for Detention (ECF No. 55) and Supplement to the Motion for Detention (ECF No. 117).

USA proffered the Pretrial Services Report (ECF No. 113), agreeing with its recommendation of continued detention of the Defendant.

USA argued for Defendant's detention as there are no conditions of release that can be imposed which will reasonably assure Defendant's appearance as required and/or the safety of any other person and the community citing defendant's behavior and expression of threats to ICE.

Defense counsel proffered a release plan and proffered that defendant's expressions are protected speech. Counsel argued that there are conditions that can fashioned to ensure defendant's future appearance and/or the safety of the community.

Colloquy between counsel and Court regarding a release plan/third-party custodian.

**The Court ordered:**
1. USA's Motion for Detention is **denied**.
2. Status Hearing set for 7/25/2025 at 9:00 a.m.
3. Conditions of release imposed upon Defendant which were read to him in Court. Order forthcoming.

Defendant to be released under the following conditions:

- Defendant shall not commit any offense in violation of federal, state, or local, or tribal law. Defendant shall advise the supervising Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States government or any

- federal or state law enforcement agency, including tribal agencies, without providing notice to United States Probation. Defendant shall comply with all conditions of supervision imposed by other courts.
- Defendant shall report to the United States Probation Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct.
- Defendant shall sign and complete A.O. Form 199C before being released.
- Defendant shall reside at an address approved by Pretrial Services and advise the Court, defense counsel and the U.S. Attorney in writing at least twenty-four hours before making any change in address, phone number, or employment.
- Defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed.
- Defendant shall not possess a firearm, destructive device, or other dangerous weapon. There shall be no firearms in the home where Defendant resides.
- Defendant is further advised, pursuant to 18 U.S.C. § 922(n), it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to possess, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.
- Defendant shall surrender any passport to Pretrial Services and shall not apply for replacements and shall not apply for any travel documents and/or a passport for any country. Defendant may retain enhanced driver's license if applicable.
- Defendant shall remain in the State of Washington or District of Idaho while the case is pending. Defendant may be permitted to travel outside this geographical area *with advance notice and approval* from U.S. Probation.
- Defendant shall have no contact, whatsoever, direct or indirect, with any codefendants or persons Defendant knows or reasonably should know are or may become a victim in the subject investigation or prosecution, unless attorneys for defendants are present. Prohibited forms of contact include, but are not limited to, telephone, mail, email, text, video, social media, and/or any contact through any third person or parties. Pretrial Services may but is not required to exempt specific named individuals from this prohibition, including but not limited to immediate family members or co-workers.
- Defendant shall not use or possess any narcotic drug or other controlled substances as defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law. Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized to use medical marijuana under state law and regardless of whether marijuana is legal under state law.
- Defendant shall remain at least 200 feet from the HSI facility in Spokane.
- Defendant shall not delete or alter any social media accounts, messaging, or other online form of communication or posting relating to the subject investigation or prosecution.
- *If random controlled substance testing is not done through a treatment program, random controlled substance testing shall be conducted through Pretrial Services, and shall not exceed six (6) times per month.* Defendant shall submit to any method of testing required by the Pretrial Service Office for determining whether the Defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.

- Defendant shall not in any way obstruct or attempt to obstruct or tamper with the efficiency and accuracy of prohibited substance testing.
- Defendant shall participate and undergo a substance abuse evaluation. Pretrial Services may determine/approve the evaluators, schedule, and place of any evaluation. Defendant shall be responsible for the cost of testing, evaluation and treatment, unless the United States Probation Office should determine otherwise. Prior to commencing any evaluation or treatment program, Defendant shall provide waivers of confidentiality permitting the United States Probation Office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment and performance in the program. *It shall be the responsibility of defense counsel to provide such waivers.* Following any evaluation or treatment ordered here, Defendant shall complete any recommended aftercare program, including inpatient treatment, outpatient treatment, and any recommended counseling. *If Defendant terminates any treatment program before it is completed, the treatment provider and Defendant shall immediately notify the U.S. Probation Officer*
- Defendant shall participate in a program of GPS confinement. Defendant shall wear, at all times, a GPS device under the supervision of U.S. Probation. In the event Defendant does not respond to GPS monitoring or cannot be found, the U.S. Probation Office shall forthwith notify the United States Marshals' Service, who shall immediately find, arrest, and detain Defendant. Defendant shall pay all or part of the cost of the program based upon ability to pay as determined by the U.S. Probation Office.

**Status Hearing:
07/25/2025
@ 9:00 a.m. [S/JAG]**