FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 30, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MIKKI PIKE HATFIELD,<br><br>Defendant. | No. 2:25-CR-00113-RLP-3<br><br>ORDER FOLLOWING DETENTION HEARING ON INDICTMENT AND DENYING THE UNITED STATES' MOTION FOR DETENTION<br><br>**MOTION DENIED**<br>**(ECF No. 55)** |

On July 18, 2025, the Court held a detention hearing for Defendant MIKKI PIKE HATFIELD. Defendant appeared in custody represented by court-appointed Counsel David Partovi. Assistant U.S. Attorney Lisa Cartier-Giroux represented the United States. U.S. Probation Officer Patrick J. Dennis was also present.

On July 25, 2025, the Court held a status hearing for Defendant. Defendant appeared out of custody represented by Attorney Nick Vieth. U.S. Probation Officer Erik Carlson was also present.

### I.    DETENTION HEARING—JULY 18, 2025

The United States made factual proffers and argued for Defendant's detention. The Government asserted there are no conditions of pretrial release the Court could impose that would reasonably assure Defendant's appearance as required and/or the safety of any other person and the community. The Government contended Defendant threw a dangerous weapon toward law enforcement officers, specifically a smoke grenade previously deployed by police for crowd control purposes, and also obstructed immigration officers engaged in official duties.

ORDER - 1

Defendant, through counsel, made factual proffers and argued there are conditions of release the Court could impose that would reasonably assure Defendant's appearance as required and/or the safety of any other person and the community. Defendant proffered a release plan wherein Defendant would reside in Boise, Idaho with his mother and wherein his mother would function as a third-party custodian.

After consideration of Defendant's proposed release plan, the United States provisionally agreed that the release plan was acceptable if Defendant's mother was approved by Pretrial Services as a suitable third-party custodian. The United States did, however, remain opposed to Defendant's release until such time that he could be released directly to reside with his mother. Accordingly, based on the Government's provisional agreement with Defendant's proposed release plan, the Court deemed the Government's motion for detention functionally withdrawn pending approval of Defendant's mother as a suitable third-party custodian with a suitable residence.

The Court reviewed and considered the proffers and arguments of counsel; the Indictment, ECF No. 1; the United States' Motion for Detention, ECF No. 55; the Pretrial Services Report, ECF No. 60; the Supplemental Pretrial Services Report, ECF No. 113; and the United States' Supplemental Motion for Detention, ECF No. 117. Pursuant to 18 U.S.C. § 3142, the Court also considered: 1) the nature and circumstances of the offense charged; 2) the weight of the evidence against Defendant; 3) Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, and whether Defendant was under supervision at the time of

ORDER - 2

the alleged offense; and, 4) the nature and seriousness of the danger to the community posed by Defendant's release.  *See* 18 U.S.C. § 3142(g).

In light of the United States' functional withdrawal of its motion for detention, the Court finds:  1) Defendant's release plan and the release conditions imposed by the Court are a sufficient combination of conditions that will reasonably assure Defendant's appearance at future proceedings and a sufficient combination of conditions that will reasonably assure the safety of other persons and the community if Defendant is released; and 2) the United States agrees by way of the Government's functional withdrawal of its motion for detention that the release conditions imposed in this Order reasonably assure Defendant's future appearance and reasonably protect the community so long as Pretrial Services approves Defendant's mother as a third-party custodian with a suitable residence.

The Court then scheduled a status conference for July 25, 2025, to allow Pretrial Services time to complete an interview with Defendant's mother.  The Court also imposed a GPS monitoring condition to apply until the status conference.

## II.     STATUS HEARING—JULY 25, 2025

At the outset of the status hearing, Pretrial Services confirmed that Defendant's mother is a suitable third-party custodian and provides a suitable residence for Defendant.  The Court then struck the GPS monitoring condition in favor of a third-party custodian condition as set forth below.

**IT IS HEREBY ORDERED:**

1. The United States' Motion for Detention, **ECF No.  55**, is **DENIED**.
2. Defendant shall be released on the following conditions:

| GENERAL CONDITIONS | |
|---|---|
| 1 | Defendant shall not commit any offense in violation of federal, state, or local, or tribal law.  Defendant shall advise the supervising Pretrial |

ORDER - 3

| | | |
|---|---|---|
| | | Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States government or any federal or state law enforcement agency, including tribal agencies, without providing notice to United States Probation. Defendant shall comply with all conditions of supervision imposed by other courts. |
| | 2 | Defendant shall report to the United States Probation Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct. |
| | 3 | Defendant shall sign and complete A.O. Form 199C before being released. Defendant shall reside at an address approved by Pretrial Services and advise the Court, defense counsel and the U.S. Attorney in writing at least twenty-four hours before making any change in address, phone number, or employment. |
| | 4 | Defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. |
| | 5 | Defendant shall not possess a firearm, destructive device, or other dangerous weapon. There shall be no firearms in the home where Defendant resides. |
| | 6 | Defendant is further advised, pursuant to 18 U.S.C. § 922(n), it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce. |
| | 7 | Defendant shall surrender any passport to Pretrial Services and shall not apply for replacements and shall not apply for any travel documents and/or a passport for any country. |
| | 8 | Defendant shall remain in the State of Washington or the State of Idaho while the case is pending. Defendant may be permitted to travel outside this geographical area *with advance notice and approval* from U.S. Probation. |
| | 9 | Defendant shall have no contact whatsoever, direct or indirect, with any persons Defendant knows or reasonably should know are or may become a co-defendant victim or potential witness in the subject investigation or prosecution unless Defendant's attorney is present. Prohibited forms of contact include, but are not limited to, telephone, |

ORDER - 4

| | |
|---|---|
| | mail, email, text, video, social media, and/or any contact through any third person or parties. Pretrial Services may but is not required to exempt specific named individuals from this prohibition, including but not limited to immediate family members or co-workers. |
| 10 | Defendant shall contact defense counsel at least once a week. |
| | **CONTROLLED SUBSTANCES AND ASSESSMENT** |
| 11 | **Controlled Substances Prohibition:** Defendant shall not use or possess any narcotic drug or other controlled substances as defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law. Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized to use medical marijuana under state law and regardless of whether marijuana is legal under state law. |
| 12 | **Prohibited Substance Testing**: _Defendant shall be subject to random controlled substance testing administered by Pretrial Services and/or a treatment program and such testing shall not exceed six (6) times per month unless Defendant is participating in inpatient substance abuse treatment. While participating in inpatient substance abuse treatment, the treatment facility my conduct controlled substance testing on any frequency deemed appropriate by the facility/treatment program_. Defendant shall submit to any method of testing required by the Pretrial Service Office and/or treatment program for determining whether the Defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. Defendant shall not in any way obstruct or attempt to obstruct or tamper with the efficiency and accuracy of prohibited substance testing. |
| 13 | **Substance Abuse Evaluation and Treatment**: Defendant shall participate and undergo a substance abuse evaluation. Pretrial Services may determine/approve the evaluators, schedule, and place of any evaluation. Defendant shall be responsible for the cost of testing, evaluation, and treatment, unless the United States Probation Office should determine otherwise. Prior to commencing any evaluation or treatment program, Defendant shall provide waivers of confidentiality permitting the United States Probation Office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment and |

ORDER - 5

|   |   |
|---|---|
|   | performance in the program. *It shall be the responsibility of defense counsel to provide such waivers.* Following any evaluation or treatment ordered here, Defendant shall complete any recommended aftercare program, including inpatient treatment, outpatient treatment, and any recommended counseling. *If Defendant terminates any treatment program before it is completed, the treatment provider and Defendant shall immediately notify the U.S. Probation Officer.* |
| **LOCATION RESTRICTIONS** ||
| 14 | **Victim Exclusion Area:** Defendant shall remain at least 200 feet from the HSI facility in Spokane. WA. |
| **THIRD-PARTY CUSTODIAN** ||
| 15 | **Third-Party Custodian:** Defendant is placed with: Barbara Hatfield as a Third-Party Custodian, who will reside at the residence approved by United States Probation/Pretrial Services and who will sign a copy of A.O. Form 199B, **to be kept in Pretrial Services' file**. The Third-Party Custodian agrees to supervise Defendant consistent with all the conditions of release; use every effort to assure the appearance of Defendant at all scheduled court proceedings; and notify the Court through United States Probation immediately in the event Defendant violates any conditions of release or disappears |
| **ADDITIONAL CONDITIONS** ||
| 16 | Defendant shall not delete or alter any social media accounts, messaging, or other online form of communication or posting relating to the subject investigation or prosecution. |

3. If a party seeks reconsideration of Defendant's detention before this Court because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), any such motion shall be a maximum of four-pages in length and shall succinctly state what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested. If the moving party,

ORDER - 6

after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument.  **Motions in Spokane cases shall be heard as set by the Spokane Magistrate Judge Courtroom Deputy.  Yakima cases shall be heard on the following Wednesday docket**, **and Richland cases shall be heard on the following Thursday docket.**  If the Court determines that oral argument is unnecessary on the motion, the motion shall be set for decision on the Court's 6:30 p.m. docket.

    4.    If necessary, the United States Probation/Pretrial Services Office is authorized to prepare a supplemental pretrial services report and shall notify defense counsel prior to interviewing Defendant.  If Defendant does not wish to be interviewed, that Office shall prepare said report using any information it deems relevant to the issue of detention.

    5.    If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington.  Both parties shall cooperate to ensure that the motion is promptly determined.

**IT IS SO ORDERED.**

DATED July 30, 2025.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 7