FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 03, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JUSTICE FORRAL, <br><br> Defendant. | No. 2:25-CR-00113-RLP-2 <br><br> ORDER DENYING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE <br><br> **MOTION DENIED** <br> **(ECF No. 156)** |

Pending before the Court is Defendant JUSTICE FORRAL's Motion to Modify Conditions of Release. **ECF No. 156**. Defendant noted the motion for hearing without oral argument one day after the motion was filed. Despite allowing the United States only one day to respond, the United States has responded and opposes Defendant's motion. ECF No. 157.

Defendant moves the Court to modify pretrial release Condition No. 12 in the Court's Order Following Initial Appearance and Arraignment on Indictment, ECF No. 125. Pretrial release Condition No. 12 imposes a victim exclusion area that states: "Defendant shall remain 200 feet from the HSI facility in Spokane." ECF No. 125 at 3.

Defendant did not object to the release condition during the prior hearing when the condition was imposed. Defendant now contends:

> HSI is located at the intersection of Cataldo and Washington Avenue. Washington Avenue is a main thoroughfare going into and out of downtown Spokane. Traveling into or out of downtown via Washington Avenue, whether by foot, bike or car, necessarily means passing HSI and being within 200 feet of the building.

ECF No. 156 at 2.

ORDER - 1

Accordingly, Defendant moves the Court to modify the victim exclusion condition to read:

> Defendant shall not loiter within 200 feet of the HSI facility in Spokane. However, Defendant may use the Washington Avenue thoroughfare whether by foot, bike, or car.

*Id*.

The United States opposes the proposed modification. ECF No. 157. The Government contends Defendant has failed to present any new information that would justify amending the victim exclusion area condition, beyond the implication that the release condition is inconvenient. ECF No. 157 at 3.

The Court may modify conditions of pretrial release pursuant to 18 U.S.C. § 3142(c)(3). Specifically, "[t]he judicial officer may at any time amend the order to impose additional or different conditions of release." *Id*. The district court may also modify conditions of release on review of this Court's release order (or detention order) pursuant to 18 U.S.C. § 3145.

The Court has fully reviewed and considered Defendant's Motion to Modify Conditions of Release, **ECF No. 156**; the United States' Response to Defendant's Motion to Modify Conditions of Pretrial Release, ECF No. 157; the Order Following Initial Appearance and Arraignment on Indictment, ECF No. 125; the Indictment, ECF No. 1; and the case file generally. Pursuant to 18 U.S.C. § 3142, the Court has also again considered: 1) the nature and circumstances of the offense charged; 2) the weight of the evidence against Defendant; 3) Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, and whether Defendant was under supervision at the time of the alleged offense; and,

ORDER - 2

4) the nature and seriousness of the danger to the community posed by Defendant's release.  *See* 18 U.S.C. § 3142(g).

      Defendant's motion is a solution in search of a problem.  Defendant has not presented any new information in support of Defendant's motion beyond the implication that pretrial release Condition No. 12 is inconvenient for Defendant's travel into and out of downtown Spokane by foot, bike, or car.  ECF No. 156 at 2.  There is no problem to solve because there are numerous alternate routes into and out of downtown Spokane by foot, bike, or car available to Defendant besides Washington Avenue, to include major thoroughfares such as Division Street, Monroe Street, and Maple Street.  Given the abundance of alternate routes available to Defendant into and out of downtown Spokane, any inconvenience caused by the current pretrial release condition is modest at best.  Accordingly, after full consideration of the factors and materials noted above, the Court continues to find the victim exclusion area condition (Condition No. 12) to be an important part of the overall combination of interlocking conditions of release necessary to reasonably assure both Defendant's appearance at future court proceedings and the safety of the community and any other person and the release condition will remain in place.

      Accordingly, **IT IS ORDERED:**

      Defendant's Motion to Modify Conditions of Release, **ECF No. 156,** is **DENIED.**

      **IT IS SO ORDERED.**

      DATED September 3, 2025.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 3