Andrea K. George
601 W. Riverside Ave., Suite 900
Spokane, Washington 99201
509.624.7606
Attorney for Justice Forral

United States District Court
Eastern District of Washington
Honorable Rebecca L. Pennell

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Justice Forral,<br><br>Defendant. | No: 2:25-CR-00113-RLP<br><br>Reply to United States' Response to Motion to Return Toyota Yaris |

The United States' Response[1] fails to articulate a legitimate reason the Toyota Yaris is still needed as potential physical evidence for a trial. The United States' conclusory claim that the Toyota Yaris is still needed as evidence, without any logical explanation of how or why, does not make it so. The United States does not claim the car is needed for additional searches, additional photos, fingerprints, or any other additional inspection. It's not contraband. It's not needed for forfeiture.[2] A Toyota Yaris is a small vehicle, but it will not fit in the courtroom in front of the jury as a piece of physical evidence. Even if that was physically possible, it would be wholly unhelpful to assist a jury to determine facts associated with the elements of the charged offense. Justice Forral is unwilling to make factual admissions, waive evidentiary objections, and waive due process rights in exchange for the car's return, so this Court's order to return the car is required.

## I. The law does not support the United States' position that anything it labels "evidence" can be held until the conclusion of a case.

The plain text of Rule 41(g) contemplates that items seized as evidence can be returned before the conclusion of a case, even if the item is needed for later proceedings. *See* Fed. R. Crim. P. 41(g) (allowing courts to impose "reasonable

[1] ECF No. 176 (United States Response).
[2] The United States now leaves open the door to a potential attempted forfeiture in Footnote 4 of its Response and plants a veiled threat that the "seizing agency could possibly seek forfeiture." *See* ECF No. 176 at 7, FN 4. The United States' Response is silent as to any legal basis the vehicle would be subject to forfeiture and explicitly waives such a claim. *See id*.

conditions to protect access to the property and its use in later proceedings").[3] The Advisory Committee notes to the 1989 Amendments for Rule 41 state, "a person whose property has been lawfully seized may seek return of property when aggrieved by the government's continued possession of it" and that "reasonableness under all of the circumstances must be the test when a person seeks to obtain the return of property." The notes further clarify that "if the United States' legitimate interest can be satisfied even if the property is returned, continued retention of the property would become unreasonable." *See* Advisory Committee Notes to the 1989 Amendment of Rule 41. For example, "copying documents" or conditioning return of government access to the property at a future date may protect legitimate law enforcement interests in the property despite its return. *See id*; *see also Ramsden v. United States*, 2 F.3d 322, 327 (9th Cir. 1993). The Court should consider both the law enforcement interests of the United States and the property rights of the property owner when deciding whether property return is reasonable. *See id.*

The United States suggestion that it is "entitled to maintain" evidence "in its original state and without the possibility of tampering by the defense until the conclusion of the criminal (and/or forfeiture) proceedings" is legally incorrect

[3] Although the defense does not believe any conditions are necessary here because the vehicle should not be needed at future hearings, the Court has authority to impose conditions (i.e. that Forral will not sell the car before trial) in an abundance of caution).

under these factual circumstances. The seizure itself removed the vehicle from its only relevant "original state" parked in front of a white van on the street. The fact that return of evidence before a change of plea or trial is "unusual" does not mean it's not the legally correct outcome under these facts.

**II. The United States' argument that the physical vehicle is still needed as evidence is not supported by legitimate reasoning.**

**a. The allegation that the vehicle is an "instrument of the conspiracy" does not preclude its return to Forral.**

The United States can return the vehicle and still argue it is an "instrument of the conspiracy" in its case against Forral. The jury does not need to see the physical vehicle; doing so would not be helpful to decide whether it was an "instrument of the conspiracy." The photos of the vehicle at the time of the alleged incident on June 11, 2025 that depict where it was parked, who was driving, how it was parked, etc. are what is relevant to its instrumentality. The photos show the position of the Yaris on June 11, 2025. For example, the photo that shows there was over a foot between the Toyota Yaris and the white van it was allegedly blocking in:[4]

[4] It is believed this image does not violate the discovery order or the concerns of the government as all faces have been blocked and the government used a similar photo from a different perspective.



The appearance of the physical vehicle at the time of trial has no relevance to whether it was an "instrument of the conspiracy." The United States makes no logical argument regarding what a jury might be able to conclude about its instrumentality on June 11, 2025 by seeing the Toyota Yaris in person at trial.

**b. The physical vehicle is not evidence of identity.**

The identity of the driver of the car is question for the jury, but showing the jury the physical vehicle at the time of trial will not help them determine Forral's identity, whether Forral parked the car, was driving the car at all, or was otherwise connected to the car during the relevant time period. The identity of the car itself is not a question of fact the jury needs to decide related to the elements of the offense. It is uncontested that the red Toyota Yaris in the photos (and that was seized) is Forral's vehicle. That's why Forral requests it be returned. The United States' claim that the physical vehicle is needed at trial to "establish the identity" of Forral defies logic.[5]

[5] *See* ECF No 176 at 4 (the United States claims the car is "evidence that tends to establish he identity of Defendant Forral as a co-conspirator).

## III. The Court should disregard the numerous red herrings in the United States' Response that are immaterial to the question at issue.

Rather than explain why the Toyota Yaris could and should be physically present before a jury at trial, the United States dedicates several pages to points immaterial to the issue before the Court.

First, the legitimacy of the seizure is immaterial to Forral's argument that the property should be returned post-indictment. Forral seeks return of the property pursuant to Rule 41 (g) because they're aggrieved by the deprivation of the property. Even if property is legally seized, the United States is not allowed to hold it indefinitely after the search of the property is complete. If this motion was brought pre-indictment the burden would be on the defense to show there was an illegal seizure, but that is not the case here. [6] When property is no longer needed for evidentiary purposes, the burden shifts to the United States to show a legitimate reason to retain the property.[7]

Second, the circumstances and outcome of another defendant's property return are immaterial to the return of the Toyota Yaris to Forral. The fact that United States acknowledges another co-defendant was comfortable making certain

---

[6] *See United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987) ("before an indictment is filed (but a criminal investigation is pending) the movant bears the burden of proving both that the seizure was illegal and that he or she is entitled to lawful possession of the property").
[7] *See id.*

admissions or waiving rights in exchange for return of property only shows that the United States' tactics of using property return to incentivize admissions and waiver of rights are not exclusive to Forral. This information related to different property with different facts associated with it is not useful to the Court's determination of whether to return the Toyota Yaris.

Finally, the United States' Response contains many unproven allegations against Forral related to their alleged role in the conspiracy. These allegations are disputed and the Toyota Yaris has nothing to do with many of the alleged actions. The Spokane County charges mentioned by the United States are also unproven and unrelated to the Toyota Yaris.

**IV. The United States Response misstates the context surrounding the "Evidentiary Stipulation" offered to Forral.**

Defense counsel did not request *any* stipulation, let alone 3-page stipulation, be drafted. As explained in the Motion, the defense verbally agreed to sign a consent form stating that the United States would be allowed to seize the dashcam without a warrant. No more. A consent form is drastically different than an "Evidentiary Stipulation." Never was there any insinuation or discussion about Forral making factual admissions, waiving evidentiary objections, or waiving additional rights in exchange for return of the vehicle. The terms of the "Evidentiary Stipulation" were

drafted and offered by the United States, not the defense. Forral's only "request" was for the car to be returned. The United States assertion that the defense "requested that a stipulation be entered into to release the car back to Defendant" is patently false.[8]

## V. Conclusion.

It is unreasonable for the United States to retain the Toyota Yaris under the totality of the circumstances. Forral is indigent and unable to easily go purchase another vehicle. The United States knows this and is trying to use it to their advantage to elicit admissions and waiver of rights. The United States' strategy under these circumstances is coercive. Continued retention of the vehicle is illegal because there is no legitimate basis for the United States to use it in trial or further investigation. Accordingly, Forral respectfully requests the vehicle be immediately returned so the United States can no longer use it as a manipulation tool.

[8] ECF No. 176 (USA Response) at 3: 19-21.

Dated: October 18, 2025

Respectfully Submitted,

By s/ *Andrea George*
Andrea George, MN 202125
Federal Defenders of Eastern
Washington and Idaho
601 W. Riverside Ave., Suite 900
Spokane, Washington 99201
Email: Andrea_George@fd.org
Telephone: 509-624-7606
Fax: 509-747-3539

**CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2025, electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Lisa C. Cartier Giroux , Assistant United States Attorney.

By s/ *Andrea George*
Andrea George, MN 202125
Federal Defenders of Eastern
Washington and Idaho
601 W. Riverside Ave., Suite 900
Spokane, Washington 99201
Email: Andrea_George@fd.org
Telephone: 509-624-7606
Fax: 509-747-3539