Carl J. Oreskovich, WSBA #12779
Andrew M. Wagley, WSBA #50007
ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 West Riverside Avenue, Suite 210
Spokane, WA  99201
Phone: (509) 747-9100
Email: carl@ettermcmahon.com
Email: awagley@ettermcmahon.com
*Attorneys for Defendant Jac Dalitso Archer*

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. JAC DALITSO ARCHER, *et al.*, Defendants. | No. 2:25-CR-00113-RLP-9 **DEFENDANT ARCHER'S MOTION *IN LIMINE* RE: CO-DEFENDANTS' GUILTY PLEAS AND PLEA AGREEMENTS** Pretrial Conference: May 5, 2026 at 10:30 am Spokane, Washington |

COMES NOW, Defendant Jac Dalitso Archer, by and through their counsel of record, Carl J. Oreskovich and Andrew M. Wagley of Etter, McMahon, Lamberson, Van Wert & Oreskovich, P.C., and hereby submits the following Motion *in Limine* Re: Co-Defendants' Guilty Pleas and Plea

Agreements.  Evidence of, or reference to, Co-Defendants' Plea Agreements and guilty pleas must be excluded as irrelevant and unfairly prejudicial at the time of trial.  *See, e.g.,* Fed. R. Evid. 403.

## PERTINENT BACKGROUND

Defendant Jac Archer was charged, along with eight Co-Defendants, with one count of Conspiracy to Impede or Injure Officers in violation of 18 U.S.C. § 372.  (ECF No. 1 at 1-5.)  At this juncture, all but three Defendants have entered Plea Agreements to Count 1.  (ECF No. 198; ECF No. 206; ECF No. 211; ECF No. 219; ECF No. 222; ECF No. 231.)

## STANDARD OF REVIEW

"A motion in limine constitutes 'a procedural mechanism to limit in advance testimony or evidence' before it is presented to the jury."  *United States v. Howald*, 649 F. Supp. 3d 956, 959 (D. Mont. 2023) (quoting *United States v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009)).  The Court "possesses broad discretion to make evidentiary rulings to facilitate a fair and orderly trial."  *Howald*, 649 F. Supp. 3d at 959.  Rulings on motions *in limine* "are provisional and therefore, 'not binding on the trial judge [who] may always change his [or her] mind during the course of a trial.'"  *United States v. Sanchez*, 655 F. Supp. 3d 1062, 1064-65 (D. Idaho 2023) (quoting *Ohler v. United States*, 529 U.S.

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

753, 758 n.3 (2000)).

## POINTS & AUTHORITIES

Under Fed. R. Evid. 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Pursuant to Fed. R. Evid. 403: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Under Fed. R. Evid. 403, "'[u]nfair prejudice' within its context means an <u>undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one</u>." *Id.*, *Advisory Committee Notes*.

"The general rule is that guilty pleas of co-defendants <u>cannot be considered as evidence against those on trial</u>." *Baker v. United States*, 393 F.2d 604, 614 (9th Cir. 1968); *accord United States v. Halbert*, 640 F.2d 1000, 1004 (9th Cir. 1981) ("As a principle of general acceptance, the guilty plea or conviction of a codefendant may not be offered by the government and received over objection as substantive evidence of the guilt of those on trial."). The reasoning behind

Motion *in Limine* Re: Co-Defendants'
Guilty Pleas and Plea Agreements—Page 3

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

this rule "is that a defendant is <u>entitled to have the question of [their] guilt determined upon the evidence against [them], not on whether a Government witness or co-defendant has pleaded guilty to the same charge</u>." *Baker*, 393 F.2d at 614. Additionally, "[e]vidence of guilty pleas or convictions in a trial involving multiple co-conspirators poses a <u>particularly high risk of unfair prejudice to a defendant</u>, aggravating the concern that the defendant on trial 'will be found guilty by sheer association with guilty non-testifying co-defendants.'" *United States v. Miller*, 644 F. Supp. 3d 373, 377 (E.D. Ky. 2022) (quoting *United States v. Ofray-Campos*, 534 F.3d 1, 22 (1st Cir. 2008)); *accord United States v. Griffin*, 778 F.2d 707, 710 (11th Cir. 1985) (referring to "the extreme and unfair prejudice suffered by defendants in similar situations").

In the situation at hand, evidence of, or reference to, Co-Defendant's Plea Agreements and guilty pleas is irrelevant and unfairly prejudicial. First, whether a Co-Defendant decided to avail themselves of a Plea Agreement to avoid trial is of no consequence to whether Defendant Archer engaged in a Conspiracy to Impede or Injure Officers. Second, any probative value is substantially outweighed by its unfair prejudice. If the jury hears evidence that Co-Defendants have pled guilty, the unfair prejudice is that the jurors will conclude Defendant Archer is guilty, particularly since jurors do not inherently

Motion *in Limine* Re: Co-Defendants'
Guilty Pleas and Plea Agreements—Page 4

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

understand the nature of plea negotiations. Furthermore, introduction into evidence of Co-Defendants' guilty pleas would confuse the issues for the jury and runs the risk of collateral mini-trials.

## CONCLUSION

Based upon the foregoing, Defendant Archer respectfully requests this Court grant Defendant's Motion *in Limine* Re: Co-Defendants' Guilty Pleas and Plea Agreements. Based upon the Government's continued production of discovery, including as recently as April 13, 2026, as well as the need for clarification and a ruling on pertinent legal issues involving pending Pretrial Motions scheduled to be heard on April 14, 2026, Defendant Archer further reserves the right to file additional Motions *in Limine* to the fullest extent allowed by law and/or equity.

RESPECTFULLY SUBMITTED this 13th day of April, 2026.

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.

By:   /s/ Andrew M. Wagley
Carl J. Oreskovich, WSBA #12779
Andrew M. Wagley, WSBA #50007
*Attorneys for Defendant Archer*

Motion *in Limine* Re: Co-Defendants'
Guilty Pleas and Plea Agreements—Page 5

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all of the attorneys that have appeared in this case and have registered with the CM/ECF System.

EXECUTED this 13th day of April, 2026 in Spokane, WA.

By:   /s/ Andrew M. Wagley
     Andrew M. Wagley

Motion *in Limine* Re: Co-Defendants'
Guilty Pleas and Plea Agreements—Page 6

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all of the attorneys that have appeared in this case and have registered with the CM/ECF System.

EXECUTED this 13th day of April, 2026 in Spokane, WA.

By: _____
Jodi L. Dineen, Paralegal

Motion *in Limine* Re: Co-Defendants'
Guilty Pleas and Plea Agreements—Page 7

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100