Carl J. Oreskovich, WSBA #12779
Andrew M. Wagley, WSBA #50007
ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 West Riverside Avenue, Suite 210
Spokane, WA  99201
Phone: (509) 747-9100
Email: carl@ettermcmahon.com
Email: awagley@ettermcmahon.com
*Attorneys for Defendant Jac Dalitso Archer*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAC DALITSO ARCHER, *et al.*,<br><br>Defendants. | No. 2:25-CR-00113-RLP-9<br><br>**DEFENDANT ARCHER'S MOTION TO DISMISS RE: LACK OF LAWFULLY APPOINTED UNITED STATES ATTORNEY FOR THE EASTERN DISTRICT OF WASHINGTON**<br><br><u>Pretrial Conference:</u><br>  May 5, 2026 at 10:30 am<br>  Spokane, Washington |

Defendant Jac Dalitso Archer, by and through their counsel of record, hereby submits the following Motion to Dismiss Re: Lack of Lawfully Appointed United States Attorney for the Eastern District of Washington.

Motion to Dismiss Re: Lack of Lawfully
Appointed U.S. Attorney—Page 1

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

"'The principle of separation of powers is embedded in the Appointments Clause,'" which expressly "divides the power to appoint officers of the United States between the President and Senate." *United States v. Naviwala*, --- F. Supp. 3d ---, 2026 WL 658885, at *10 (D.N.J. Mar. 9, 2026) (quoting *Freytag v. Comm'r of Internal Revenue*, 501 U.S. 868, 882 (1991)). This is not just a technical requirement, but a bedrock principle that was specifically and carefully included within the United States Constitution. There are three ways the Executive Branch may lawfully appoint a United States Attorney pursuant to these checks and balances: (1) Presidential nomination and Senate confirmation (28 U.S.C. § 541), (2) an interim appointment with subsequent District Court approval (28 U.S.C. § 546), or (3) an acting appointment pursuant to the specific procedures of the Federal Vacancies Reform Act ("FVRA") established by Congress (5 U.S.C. § 3345 *et seq.*). None of those checks and balances are present in the situation at hand.

Pursuant to 28 U.S.C. § 547(1), "each United States attorney, within his district, <u>shall</u> . . . prosecute for <u>all offenses</u> against the United States." Similarly, the Attorney General may not circumvent this requirement by pointing towards inapplicable statutes, which would violate the Appointments Clause and

Motion to Dismiss Re: Lack of Lawfully
Appointed U.S. Attorney—Page 2

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

separation of powers.  Dismissal is appropriate pursuant to the constitutional violation, common law principles, and the Court's inherent supervisory power.

## I.     PERTINENT BACKGROUND

On July 9, 2025, Defendant Jac Archer was charged via Indictment with one count of Conspiracy to Impede or Injure Officers in violation of 18 U.S.C. § 372.  (ECF No. 1.)  The Indictment alleges *inter alia*:

> The objects of the conspiracy included the use of force and threats against, and intimidation of federal agents with United States Immigration and Customs Enforcement and Homeland Security Investigations, and the federal agents with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, the United States Border Patrol, and Spokane Police Department and Spokane County Sheriff's Office assisting them, in order to impede and thwart the processing and transport of federal detainees to their immigration hearings in Tacoma, Washington, and to coerce the release of federal detainees.

(*Id*. at p. 2.)

The Indictment was secured by then Acting United States Attorney Stephanie Van Marter.  (ECF No. 1 at p. 7.)  Days before, previous Acting United States Attorney Rich Barker resigned instead of signing the Indictment.  (*See* ECF No. 251-1 at p. 4.)  Mr. Barker is quoted in media as stating: "I knew there was no place for me in the Justice Department if I was being asked to bring felony charges against these protestors in a way that would compromise my

Motion to Dismiss Re: Lack of Lawfully
Appointed U.S. Attorney—Page 3

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

integrity. . . . This was not an organized conspiracy. It was a protest where people were exercising their free-speech rights." (*Id*.)

The Eastern District of Washington ("EDWA") currently does not have a United States Attorney. (*See* Wagley Decl., Ex. A.) Attorney Pete Serrano allegedly "has been appointed as Special Attorney to the Attorney General and the First Assistant for the Eastern District of Washington." (*Id*.) Mr. Serrano purportedly "was appointed to the position by Attorney General Pam Bondi." (*Id*.) Mr. Serrano's profile as Special Attorney to the Attorney General ("SAAG") and the First Assistant for the United States Attorney ("FAUSA") for EDWA appears via the link—https://www.justice.gov/usao-edwa/**meet-us-attorney**. (*See id*.) In his role as SAAG and FAUSA, Mr. Serrano leads press releases of matters in EDWA. (*See* Wagley Decl., Ex. B.)

On March 2, 2026, Defendant Archer filed their Motion to Dismiss Indictment Under the First Amendment. (*See* ECF No. 242.) On March 16, 2026, the Government filed its Response opposing Defendant Archer's Motion to Dismiss. (*See* ECF No. 247.) Although signed by an Assistant United States Attorney ("AUSA"), The Response indicates it is brought on behalf of Todd Blanche as "Deputy Attorney General." (*Id*. at p. 14.) The Response does not mention nor name Mr. Serrano as SAAG and FAUSA. (*See id*.)

Motion to Dismiss Re: Lack of Lawfully
Appointed U.S. Attorney—Page 4

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

United States Attorney General Pam Bondi was removed from office in early April 2026.  (Wagley Decl., Ex. C.). Since then, Todd Blanche has served as Acting Attorney General.  (*Id*., Ex. D.)

## II.    POINTS & AUTHORITIES

Pursuant to Fed. R. Crim. P. 12(b)(1), "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits."  Defendant Archer now brings this Motion to Dismiss Re: Lack of Lawfully Appointed U.S. Attorney.

### A.  Constitutional Requirements and Background of Office of The United States Attorney.

"'The Constitution is the supreme law of the land, and no act of Congress,' nor of the Executive, 'is of any validity which does not rest on authority conferred by that instrument.'"  *United States v. Naviwala*, --- F. Supp. 3d ---, 2026 WL 658885, at *10 (D.N.J. Mar. 9, 2026) (quoting *United States v. Germaine*, 99 U.S. 508, 510 (1878)).  The Constitution provides the separation of powers between branches of government, "a system of division that is inherent and explicit in the structure and provisions of the Constitution." *Naviwala*, 2026 WL 658885, at *1.  The Appointments Clause provides:

> [The President] shall nominate, and by and with the Advice and Consent of the Senate, shall appoint Ambassadors, other public Ministers and Consuls, Judges of the supreme Court, and all other

Motion to Dismiss Re: Lack of Lawfully
Appointed U.S. Attorney—Page 5

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

Officers of the United states, whose appointments are not herein otherwise provided for, and which shall be established by Law: but the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments.

U.S. Const. art. II, § 2, cl. 2.   Under the Appointments Clause, "[p]rincipal officers can only be appointed through Presidential appointment and Senatorial consent (offices subject to this process are often called 'PAS' offices)." *Naviwala*, 2026 WL 658885, at *11.

Pursuant to the separation of powers, "'[t]he Framers recognized that, in the long term, <u>structural protections against abuse of power were critical to preserving liberty</u>.'"  *Naviwala*, 2026 WL 658885, at *1 (quoting *Bowsher v. Synar*, 478 U.S. 714, 730 (1986)).  "'The principle of separation of powers is embedded in the Appointments Clause,'" which expressly "divides the power to appoint officers of the United States between the President and Senate." *Naviwala*, 2026 WL 658885, at *1 (quoting *Freytag v. Comm'r of Internal Revenue*, 501 U.S. 868, 882 (1991)).  The Founders recognized that "dividing the appointment power was critical to defending against 'despotism,'" based upon their "'experience with the English monarchy'" and "'[t]he King['s] [ability to] wield significant power [to] both creat[e] and fill[ ] offices as he saw

Motion to Dismiss Re: Lack of Lawfully
Appointed U.S. Attorney—Page 6

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

fit.'" *Naviwala*, 2026 WL 658885, at *1 (quoting *Trump v. United States*, 603 U.S. 593, 645 (2024) (Thomas, J., concurring)).

These constitutional provisions must be viewed through the lens of the background and purpose of the United States Attorney's Office.

> The United States Attorneys' offices are <u>some of the most critical agencies in the Federal Government</u>. They play an important role in the criminal and civil justice systems and are vital in keeping our communities safe. The U.S. Attorney leading each office is an officer whose appointment requires Senate confirmation. Where a vacancy exists, **Congress** <u>has shown a strong preference that an acting officer be someone with a breadth of experience to properly lead the office.</u>

*United States v. Giraud*, 160 F.4th 390, 393 (3d Cir. 2025). "As a normative matter, '[i]n part because U.S. Attorneys operated without interference from Washington, D.C. for one hundred years [until the creation of the Department of Justice ("DOJ") in 1870], they retain an autonomy and independence from Washington, D.C. that is perhaps unmatched by any other field service in the federal government.'" *Naviwala*, 2026 WL 658885, at *17 (quoting WIENER, *Inter-Branch Appointments After the Independent Counsel: Court Appointment of United States Attorneys*, 86 Minn. L. Rev. 363, 380 (2001)). "'This practice of decentralized criminal enforcement has acquired a special power in the context of the federal system, in which <u>even legislators of the</u>

Motion to Dismiss Re: Lack of Lawfully
Appointed U.S. Attorney—Page 7

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

[P]resident's party see U.S. [A]ttorneys as providing a critical counterweight to Washington politics.'" *Id.*

**B.  EDWA Lacks a Lawfully Appointed U.S. Attorney.**

A valid U.S. Attorney must hold the position by virtue of Presidential nomination and Senate confirmation (28 U.S.C. § 541), an interim appointment (28 U.S.C. § 546), or an acting appointment (5 U.S.C. § 3345 *et seq.*).

> *1. 28 U.S.C. § 541—Presidential Appointment and Senate Confirmation.*

Pursuant to 28 U.S.C. § 541(a): "The President shall appoint, <u>by and with the advice and consent of the Senate</u>, a United States attorney for each judicial district."  Senate approval is a "critical structural safeguard" and protects against "unilateral appointment by the President of '<u>candidates who ha[ve] no other merit than that . . . of being in some way or some personally allied to him</u>.'" *Naviwala*, 2026 WL 658885, at *11 (quoting THE FEDERALIST NO. 76, at 407).

> *2. 28 U.S.C. § 546—Interim Attorney General Appointment and Subsequent District Court Appointment.*

Pursuant to 28 U.S.C. § 546(c)(2), the Attorney General may appoint an interim U.S. Attorney for 120 days.  If this timeframe expires, "the district court for such district may appoint a United States attorney to serve until the vacancy is filled."  28 U.S.C. § 546(d).  This provision allows the District Court to

Motion to Dismiss Re: Lack of Lawfully
Appointed U.S. Attorney—Page 8

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

appoint an interim U.S. Attorney "to serve *indefinitely* until a nominee is confirmed." *Naviwala*, 2026 WL 658885, at *3.

### 3. Federal Vacancies Reform Act ("FVRA") Procedures.

"When a presidentially appointed and Senate-confirmed officer resigns, the generally applicable Federal Vacancies Reform Act (FVRA) authorizes certain people to perform that officer's duties in an acting capacity subject to time limitations." *Giraud*, 160 F.4th at 393. "When a PAS office is vacant, as all agree is the case here, the Federal Vacancies Reform Act, 5 U.S.C. § 3345, <u>gives the Executive Branch a number of options to temporarily authorize the performance of that office's functions and duties by a different officer</u>." *Naviwala*, 2026 WL 658885, at *15.

The FVRA provides that "[i]f an officer of an Executive agency . . . whose appointment to office is required to be made by the President, by and with the advice and consent of the Senate, dies, resigns, or is otherwise unable to perform the functions and duties of the office," "the first assistant to the office of such officer shall perform the functions and duties of the office temporarily in an acting capacity." 5 U.S.C. § 3345(a)(1). In order to serve under the FVRA's first-assistant provision, 5 U.S.C. § 3345(a)(1), the Acting U.S. Attorney must

Motion to Dismiss Re: Lack of Lawfully
Appointed U.S. Attorney—Page 9

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

be "the First Assistant U.S. Attorney at the time the vacancy arose." *Giraud*, 160 F.4th at 400-01.

The FVRA further provides that "notwithstanding" the First Assistant's assumption of acting status, "the President (and only the President) may direct" either another PAS officer or "an officer or employee of such Executive agency" who "during the 365-day period preceding the [vacancy] . . . served in a position in such agency for not less than 90 days" and held a position with a rate of pay at GS-15 or higher to "perform the functions and duties of the officer temporarily in an acting capacity." 5 U.S.C. § 3345(a)(2), (3). In general, the FVRA authority lasts "for no longer than 210 days beginning on the date the vacancy occurs." 5 U.S.C. § 3346(a)(1).

### 4. Mr. Serrano's Role as Specially Appointed Attorney General and First Acting U.S. Attorney.

Pursuant to the separation of powers, the above-referenced statutory schemes are congressional-approved methods of appointing a U.S. Attorney, including an interim U.S. Attorney, under the Appointments Clause. *See, e.g., In re Grand Jury Subpoenas to Off. of New York State Att'y Gen.*, --- F. Supp. 3d ---,2026 WL 60793, at *6 (N.D.N.Y. Jan. 8, 2026) ("Congress made the FVRA and § 546 the only statutory routes for temporarily filling U.S. Attorney vacancies."). It is undisputed Mr. Serrano's role as "Special Attorney to the

Motion to Dismiss Re: Lack of Lawfully
Appointed U.S. Attorney—Page 10

ETTER, M℃MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

Attorney General" and "the First Assistant for the Eastern District of Washington" does not satisfy any of these requirements.

**C.** **The Attorney General Cannot Replace the U.S. Attorney's Office and Delegate Non-Existing Authority to AUSAs.**

Based upon Mr. Serrano's current status as "First Acting United States Attorney" and "Special Appointed Attorney General," it is anticipated the Government will argue that the Attorney General's Office may supervise and fill the functions of the U.S. Attorney's Office for EDWA.  This plainly violates the separation of powers, the statutory authority of the U.S. Attorney from Congress, common law concepts regarding delegation of authority, and the FVRA's exclusivity provision (5 U.S.C. § 3347).

First, this structure violates the separation of powers.  Allowing an individual to "serve as the *de facto* U.S. Attorney indefinitely"—without "the gauntlet of presidential appointment and Senate confirmation"—is prohibited as "it bypasses the constitutional PAS process entirely." *Giraud*, 160 F.4th at 403.

> To avoid these roadblocks, this administration frequently purports to have discovered enormous grants of executive power hidden in the vagaries and silences of the code.  Here, the Government proffers that, notwithstanding Congress's clear and unambiguous requirement of Presidential nomination and Senate confirmation before a person may exercise the powers of a United States Attorney—a limit established by the First Congress and unchanged for over 236 years—Congress also, through a tangled web of broad enactments using general language, simultaneously authorized the

Motion to Dismiss Re: Lack of Lawfully
Appointed U.S. Attorney—Page 11

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

Attorney General to ignore this requirement and appoint whomever she wants to do exactly the same job. And it contends that her ability to take appointments into her own hands is not limited to this office. On the Government's reading, the Attorney General can appoint anyone to any subordinate position in the Department of Justice and delegate them the authority to act in any other subordinate role, no matter how significant. That argument amounts to an enormous assertion of Presidential power.

*Naviwala*, 2026 WL 658885, at *2. In other words, "Congress has statutorily created the office of the United States Attorney, subjected it to the PAS process, set limitations on who may hold it, and defined its powers." *Id*. at *45. Circumventing the PAS process and above-referenced statutes violates the Appointments Clause and constitutes a threat to the U.S. Constitution.

Second, the power of the U.S. Attorney is clearly established by statute. Pursuant to 28 U.S.C. § 547, "each United States attorney, within his district, shall . . . prosecute for all offenses against the United States." 28 U.S.C. § 547(1). "Unlike the word 'may,' which implies discretion, the word 'shall' usually connotes a requirement." *Maine Cmty. Health Options v. United States*, 590 U.S. 296, 310 (2020). Under 28 U.S.C. § 547, "United States Attorneys get their authority directly from Congress, not by delegation from the Attorney General." *Thomas v. I.N.S.*, 35 F.3d 1332, 1338 (9th Cir. 1994) (Immigration and Naturalization Service was bound by U.S. Attorney's promise in cooperation agreement). As such, this statute "provides the exclusive means for

Motion to Dismiss Re: Lack of Lawfully
Appointed U.S. Attorney—Page 12

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

authorizing an inferior officer to exercise such authority, and thereby hold the office." *Naviwala*, 2026 WL 658885, at *45.

Third, as AUSAs (the agents) are delegated power by the U.S. Attorney (the principal), an agent can no longer act when a principal ceases to be in power. At the common law, "[a]n individual principal's loss of capacity to do an act terminates the agent's actual authority to do the act." RESTATEMENT (THIRD) OF AGENCY § 3.08 (2006); *accord Laurel Baye Healthcare of Lake Lanier, Inc. v. N.L.R.B.*, 564 F.3d 469, 473 (D.C. Cir. 2009) ("An agent's delegated authority is also deemed to cease upon the resignation or termination of the delegating authority."). Therefore, "[a]s an 'assistant,' an AUSA cannot be granted such authority that he [or she] eclipses, subsumes, or replaces the United States Attorney that is his [or her] direct statutory superior." *Naviwala*, 2026 WL. 658885, at *32. In other words, "[i]f an AUSA does not rely on the United States Attorney for authority or is not otherwise subject to the United States Attorney's supervision, <u>he is not acting as an assistant and has exceeded the powers of his statutory office</u>." *Id*.

The Attorney General has broad supervision authority over DOJ litigation, "[b]ut *not when there is a vacancy* in the relevant chain of authority." *Naviwala*, 2026 WL. 658885, at *25. The Attorney General cannot directly oversee the

Motion to Dismiss Re: Lack of Lawfully
Appointed U.S. Attorney—Page 13

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

AUSAs absent a lawfully appointed U.S. Attorney.  As of early April 2026, this scenario was further complicated as there is no longer an Attorney General (following Pam Bondi's removal from office), and the "Deputy Attorney General" Todd Blanche previously overseeing the U.S. Attorney's Office for EDWA is now the Acting Attorney General.

Fourth and finally, allowing the Attorney General to take over the actions of the U.S. Attorney's Office for EDWA violates the FVRA's exclusivity provision.  "The FVRA provides that it is 'the exclusive means for temporarily authorizing an acting official to perform the functions and duties of' a PAS office."  *Giraud*, 160 F.4th at 394 (quoting 5 U.S.C. § 3347(a)).  Nevertheless: "Any statutory provision providing general authority to the head of an Executive agency . . . to delegate duties **statutorily vested** in that agency head to, or to **reassign duties** among, officers or employees of such Executive agency, is not a statutory provision to which subsection (a)(1) applies."  5 U.S.C. § 3347(b).  "Section 3347(b) acts as a clarifier, making doubly sure that general delegation and reassignment statutes are not mistakenly considered exceptions to the FVRA's exclusivity rule."  *Naviwala*, 2026 WL 658885, at *23.

The Government may argue that the following statutes apply and/or are an exception to the FVRA's exclusivity rule:

Motion to Dismiss Re: Lack of Lawfully
Appointed U.S. Attorney—Page 14

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

- **28 U.S.C. §§ 509 and 510:**  The Government may argue that 28 U.S.C. § 509, which "vest[s] in the Attorney General" "[a]ll functions of other officers of the Department of Justice and all functions of agencies and employees of the Department of Justice," and 28 U.S.C. § 510, which authorizes the Attorney General to "authoriz[e] the performance by any other officer, employee, or agency of the Department of Justice of any function of the Attorney General," apply.  However, "[t]he vesting and delegation statutes in 28 U.S.C. §§ 509 and 510 are 'statutory provision[s] providing general authority to the head of an Executive agency . . . to delegate duties statutorily vested in that agency head to, or to reassign duties among, officers or employees of such Executive agency,' and so **they do not overcome the FVRA's exclusivity provision**." *Giraud*, 160 F.4th at 403 (quoting 5 U.S.C. § 3347(b)).

- **5 U.S.C. § 3101:**  This statute provides that "[e]ach Executive agency, . . . may employ such number of employees . . . as Congress may appropriate for from year to year."  5 U.S.C. § 3101. Nevertheless, the language of the statute "is not sufficiently unambiguous to vest the enormous power of office-creation and appointment under the Appointments Clause's clear statement rule when considered against the countless detailed office-creating statutes that fill the Code." *Naviwala*, 2026 WL 658885, at *31.

- **28 U.S.C. § 510:**  Section 510 states that "[t]he Attorney General may from time to time make such provisions as he considers appropriate authorizing the performance by any other officer, employee, or agency of the Department of Justice of any function of the Attorney General."  However, nothing in the language of the statute "creates any office or appointment authority." *Naviwala*, 2026 WL 658885, at *31.

- **28 U.S.C. § 542:**  Section 542 authorizes the Attorney General to "appoint one or more assistant United States attorneys in any district when the public interest so requires."  However, "an officer appointed under section 542 is subordinate to the United States Attorney in the district to which he [or she] is assigned, and must

Motion to Dismiss Re: Lack of Lawfully
Appointed U.S. Attorney—Page 15

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

look to the United States attorney 'for authority to act.'" *Naviwala*, 2026 WL 658885, at *31 (quoting *Assistant*, BLACK'S LAW DICTIONARY (4th rev. ed. 1968)).  Furthermore, the "public interest" is not furthered by violation of the Appointments Clause and separation of power.

- **28 U.S.C. § 543:**  Section 543 authorizes the Attorney General to "appoint attorneys to assist United States attorneys <u>when the public interest so requires</u>."  However, "Special Assistants are just as much subordinate to the United States Attorneys as AUSAs, and their powers must similarly be so limited."  *Naviwala*, 2026 WL 658885, at *32.  Furthermore, violation of the Appointments Clause is not in the "public interest."

- **28 U.S.C. § 533:**  Section 533(1) empowers the Attorney General to "appoint officials . . . to detect and prosecute crimes against the United States."  However, "the term official 'descirbe[s] a more general class of bureaucratic personnel' than the term 'officer,' which . . . 'emphasize[s] the elevated degree of authority, responsibility, and duty that inheres in the position.'" *Naviwala*, 2026 WL 658885, at *33 (quoting *Trump*, 740 F. Supp. 3d at 1278). Furthermore, this statute is located in the chapter about the Federal Bureau of Investigation and it does not make sense for Congress "to hide the creation of an office for powerful functionaries within the structure of Main Justice in a provision dealing with the FBI." *Naviwala*, 2026 WL 658885, at *33.

- **28 U.S.C. § 515:**  Section 515(a) provides that "[t]he Attorney General or any other officer of the Department of Justice, or any attorney specially appointed by the Attorney General under law, may, when specifically directed by the Attorney General, conduct any kind of legal proceeding, civil or criminal, including grand jury proceedings and proceedings before committing magistrate judges, which United States attorneys are authorized by law to conduct, whether or not he is a resident of the district in which the proceeding is brought."  However, "[t]his text does not clearly create any new offices, nor does it obviously permit the Attorney General to make

Motion to Dismiss Re: Lack of Lawfully
Appointed U.S. Attorney—Page 16

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

any appointments." *Naviwala*, 2026 WL 658885, at \*34.  Instead, Section 515(a) "is a provision conferring territorial flexibility to the Attorney General; it permits the Attorney General to use DOJ officers and previously appointed special attorneys to litigate on behalf of the United States, regardless of residence," but no more. *Trump*, 740 F. Supp. 3d at 1267-68.

### D. The Government Has Acted Without Lawful Authority in Continuing This Prosecution, Including Opposing the Motion to Dismiss.

Despite the lack of a lawfully appointed U.S. Attorney for EDWA, the Government has continued this prosecution.  By opposing Defendant Archer's Motion to Dismiss, the Government (either through invalid powers of the AUSAs and/or "Deputy Attorney General" Todd Blanche) continued this litigation and actively sought to prevent dismissal.  *See* LCivR 7(e) (failure to file a response brief "may be deemed consent to the entry of an order adverse to the party"); *accord United States v. Warren* 601 F.2d 471, 473-74 (9th Cir. 1979) (it is proper to grant a motion to dismiss an indictment for failure to respond pursuant to such a rule).  Substantively, this is no different than presenting an indictment as it allows the case to continue to be prosecuted.

### E. Dismissal is the Appropriate Remedy.

Finally, dismissal is the appropriate remedy for the continued prosecution absent a lawfully appointed U.S. Attorney.  "The Appointments Clause 'is more than a matter of etiquette or protocol; it is among the significant structural

Motion to Dismiss Re: Lack of Lawfully
Appointed U.S. Attorney—Page 17

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

safeguards of the constitutional scheme.'" *United States v. Comey*, 810 F. Supp. 3d 768, 781 (E.D. Va. 2025) (quoting *Edmond v. United States*, 520 U.S. 651, 659 (1997)). Given its constitutional significance, "'<u>remedies with bite</u> should be applied to appointments that run afoul of the Clause's restrictions.'" *Comey*, 810 F. Supp. 3d at 781. Based upon the "'Government actor's exercise of power that the actor did not lawfully possess,' the proper remedy is invalidation of the *ultra vires* action." *Trump*, 740 F. Supp. 3d at 1302 (quoting *Collins v. Yellen*, 594 U.S. 220, 258 (2021)). That is, the *ultra vires* actions are "'void' and must be unwound." *Id.* at 1303; *accord In re Grand Jury Subpoenas*, 2026 WL 60793, at *11 ("The subpoenas here were issued through an official acting without lawful authority").

This is consistent with various common law principles. At the common law, *ultra vires* governmental acts, performed without valid authority, are "void." *In re Cnty. of Orange*, 31 F. Supp. 2d 768, 774 (C.D. Cal. 1998). Similarly, following a principal's loss of capacity to appoint an agent, "transactions are voidable, not void, unless the principal's loss of capacity is known at the outset to be permanent or a court has adjudicated the principal to lack capacity." RESTATEMENT (THIRD) OF AGENCY § 3.08 (2006), *Comment*.

Motion to Dismiss Re: Lack of Lawfully
Appointed U.S. Attorney—Page 18

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

Additionally, the Court "may dismiss an indictment under its inherent supervisory powers '(1) to implement a remedy for the violation of a recognized statutory or constitutional right; (2) to preserve judicial integrity by ensuring that a conviction rests on appropriate considerations validly before a jury; and (3) to deter future illegal conduct.'" *United States v. Bundy*, 968 F.3d 1019, 1030 (9th Cir. 2020) (quoting *United States v. Struckman*, 611 F.3d 560, 574 (9th Cir. 2010)). "The court's exercise of its supervisory powers protects the integrity of the federal courts and prevents the courts from 'making . . . themselves accomplices in willful disobedience of law.'" *Bundy*, 968 F.3d at 1030 (quoting *McNabb v. United States*, 318 U.S. 332, 345 (1943)).

The prejudice to Defendant Archer by virtue of this unlawful prosecution is clear. This is a highly political prosecution, resulting in the resignation of a former Acting U.S. Attorney. The crux of the allegations relate to protesting actions of the current Presidential Administration. A lawfully appointed U.S. Attorney, with confirmation pursuant to the requisite Constitutional checks and balances, would likely not have brought this case in the first place or argued against the Motion to Dismiss on First Amendment grounds.

Although dismissal is warranted in this case, the Government has adequate remedies available to prevent further dismissals of cases in EDWA. In this vein,

Motion to Dismiss Re: Lack of Lawfully
Appointed U.S. Attorney—Page 19

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

the Executive Branch could nominate a U.S. Attorney pursuant to the PAS process or other lawful process described above.

## III.    CONCLUSION

Based upon the foregoing, Defendant Archer respectfully requests this Court grant this Motion to Dismiss for the reasons indicated herein.

RESPECTFULLY SUBMITTED this 13th day of April, 2026.

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.

By:   /s/ Andrew M. Wagley
     Carl J. Oreskovich, WSBA #12779
     Andrew M. Wagley, WSBA #50007
     *Attorneys for Defendant Archer*

Motion to Dismiss Re: Lack of Lawfully
Appointed U.S. Attorney—Page 20

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all of the attorneys that have appeared in this case and have registered with the CM/ECF System.

EXECUTED this 13th day of April, 2026 in Spokane, WA.

By:  /s/ Andrew M. Wagley
Andrew M. Wagley

Motion to Dismiss Re: Lack of Lawfully
Appointed U.S. Attorney—Page 21

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100