FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 16, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUSTICE FORRAL,<br><br>Defendant. | No. 2:25-CR-00113-RLP-2<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR ISSUANCE OF RULE 17(c) SUBPOENA |

Before the Court is Defendant Justice Forral's *ex parte* motion to issue a Rule 17(c) subpoena, ECF No. 260. The Court held an *ex parte* hearing on the motion on April 14, 2026. Andrea George of the Federal Defenders of Eastern Washington and North Idaho appeared on behalf of Defendant Forral.

For the reasons discussed below, Defendant's request for a Rule 17(c) subpoena is granted, and the request for *ex parte* status is denied. The Motion is therefore granted in part and denied in part.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S EX PARTE MOTION FOR ISSUANCE OF RULE 17(c) SUBPOENA * 1

DISCUSSION

Defendant requests that the Court issue a subpoena pursuant to Federal Rule of Criminal Procedure 17(c) for material from Spokane County Sheriff Deputy Brittan Morgan's (#592339) personnel file. Specifically, Defendant requests material regarding "any allegations of excessive use of force, perjurious conduct or other acts of dishonesty." Defendant requests their application and production of the subpoenaed materials be handled *ex parte*.

Rule 17(c) permits the Court to order a subpoena *duces tecum* upon a showing of "relevancy, admissibility, and specificity." *United States v. Reed*, 726 F.2d 570 (9th Cir. 1984); *see also United States v. Nixon*, 418 US. 683, 699–700, 94 S.Ct. 3090 (1974). Local Rule of Criminal Procedure 17(c)(1) provides that only exceptional circumstances warrant the filing of an *ex parte* subpoena.

The Court finds Defendant has made a showing of relevancy, admissibility and specificity. The requested material may be used to establish bias or impeach Deputy Morgan should he be called as a witness. The request is also specific in that it is limited only to instances of excessive force, as is relevant to Defendant's defense. The Court thus grants the request for a Rule 17 subpoena.

The Court, however, is not persuaded that the subpoena should be handled *ex parte*. Defendant argues that there are exceptional circumstances because the material is not in the control of the federal Government. *See United States v.*

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S EX PARTE MOTION FOR ISSUANCE OF RULE 17(c) SUBPOENA * 2

*Dominguez-Villa*, 954 F.2d 562, 566 (9th Cir. 1992) (discovery request extends to information "within the federal government's actual possession, custody, or control," and does not create a duty to obtain it from state officials) (quotation omitted). As discussed on the record, personnel files of Washington state officers are procurable through a public records request. *See* RCW 42.56; *see also United States v. Sarinana,* 2025 WL 2062710 at *1 (D. Ariz. July 23, 2025) ("courts routinely order that all parties must have access to materials produced before trial in response to a Rule 17(c)(1) subpoena, even when the subpoena was obtained by the defendant via an *ex parte* application"); *United States v. Garg*, 2024 WL 37047 at *2 (W.D. Wash. Jan. 3, 2024) ("Rule 17(c) expressly contemplates the shared review of documents subpoenaed by other parties to the dispute"). The Court denies the request to handle the subpoena on an *ex parte* basis. Pursuant to Local Rule 17(c), the subpoenaed materials will be returned to the Court for distribution to the parties.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants Motion for Rule 17(c) Subpoena is **GRANTED IN PART and DENIED IN PART**. The request for a Rule 17(c) subpoena is **GRANTED** and the request for *ex parte* status is **DENIED**.

2. The Clerk of the Court shall immediately issue Form AO 89B, Subpoena to Produce Documents, Information, or Objects in a Criminal Case, returnable to the

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S EX PARTE MOTION FOR ISSUANCE OF RULE 17(c) SUBPOENA * 3

Court **within 14 days of service by 5:00 p.m.**, addressed to:

> Thomas Foley Courthouse
> P.O Box 1493
> Spokane, WA 99210

The documents requested for production include:

> Any material from Deputy Brittan Morgan's (#592339) personnel file regarding allegations of excessive use of force, perjurious conduct or other acts of dishonesty.

Personally identifying information may be redacted from the production.

3.  The Subpoena shall be accompanied by a Certification pursuant to Federal Rules of Evidence 803(6)(A)-(C) and 902(11) requiring the records custodian to certify the authenticity and admissibility of the documents produced.

4.  The Subpoena shall clearly indicate that "NO PERSONAL APPEARANCE IS REQUIRED, THE RECORDS AND DOCUMENTS SHALL BE SENT TO THE CLERK'S OFFICE IN A SEALED ENVELOPE ALONG WITH THE WRITTEN CERTIFICATION OF AUTHENTICITY."

5.  The subpoena shall be promptly provided to defense counsel. Defense counsel is instructed to make arrangements to promptly serve the Subpoenas (and file the returns of service) through process server(s) and at Defendant's own cost and expense.

//

//

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S EX PARTE MOTION FOR ISSUANCE OF RULE 17(c) SUBPOENA * 4

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to enter this Order and provide copies to all counsel.

DATED April 16, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE