FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 20, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

          Plaintiff,

    v.

JUSTICE FORRAL,
BAJUN DHUNJISHA MAVALWALLA
II, and JAC DALITSO ARCHER,

          Defendants.

No. 2:25-CR-00113-RLP-2, 8, 9

ORDER ON PRETRIAL MOTIONS

BEFORE THE COURT are several pending pretrial motions, ECF Nos. 239, 240, 242, 249 and 266. A hearing was held on the motions on April 14, 2025. Each of the above-named defendants were present and assisted by their counsel. Defendant Justice Forral was represented by Andrea George and Amy Rubin of the Federal Defenders of Eastern Washington and Idaho; Defendant Bajun Dhunjisha Mavalwalla II was represented by Matthew Duggan; and Defendant Jac Archer was represented by Andrew Wagley and Carl Oreskovich. Assistant United States Attorneys Lisa Cartier-Giroux and Rebecca Perez represented the United States.

ORDER ON PRETRIAL MOTIONS * 1

For the reasons discussed below and on the record, the Court denies the motions to dismiss and/or strike, ECF Nos. 239, 242, and 266, and grants the motions to join, ECF Nos. 240, 249.

## BACKGROUND

Jac Dalitso Archer, Justice Forral, and Bajun Dhunjisha Mavalwalla II are three of nine defendants named in the Indictment filed on July 9, 2025. ECF No. 1. Archer, Forral and Mavalwalla are charged with conspiring to impede or injure officers in violation of 18 U.S.C. § 372. *Id.* at 1.

The Indictment alleges that on June 11, 2025, co-Defendant Ben Stuckart[1] posted on social media a call for others to come and join him as he blocked a transport bus to coerce the release of federal detainees. ECF No. 1 at 2–3. The bus was designated to transport the detainees to Tacoma, Washington for their immigration hearings. *Id.* Archer and other protesters, including each Defendant indicted in this case, joined Stuckart at the facility. *Id.* While at the facility, Archer posted on Facebook another call for others to join, stating "[s]ome contingents are choosing to risk arrest to block the exits to ICE." *Id.* at 5.

While protesting outside the facility, Stuckart, Archer, and others "blocked

---

[1]Ben Stuckart pleaded guilty to the Indictment in this action on December 8, 2025. *See* ECF No. 206.

ORDER ON PRETRIAL MOTIONS * 2

the pathway and door to the transport bus." ECF No. 1 at 3. The Indictment alleges several overt acts:

- Forral "parked his vehicle to block the pathway of the transport bus" and along with another co-defendant "released the air from the tires of the bus to preclude its movement; " *Id.*

- Forral, Mavalwalla II, and Archer joined other protestors in linking arms and refusing to leave the exit path, "physically blocked the driveway of the federal facility and/or pushed against the officers, despite orders to disperse and efforts to remove them from the property;" *id.,* and

- Forral and other Defendants[2] placed trash cans, benches, and other objects in front of the facility's doors to block the exit of federal officers and detainees. *Id.* at 4.

As the crowd grew, the Spokane Police Department (SPD) assisted federal officers by parking marked patrol vehicles in front of and behind a red van the federal officers were using to effectuate the transport of the detainees. *Id.* The Indictment alleges that protestors surrounded, blocked, and vandalized SPD marked patrol vehicles and the red van.  *Id.* The Indictment alleges that

---

[2] Specifically Collin James Muncey and Mikki Pike Hatfield.

ORDER ON PRETRIAL MOTIONS * 3

Defendants' actions caused delays in transporting the detainees. *Id.*

Defendants were arrested and indicted. Count One of the Indictment charges each Defendant under 18 U.S.C. § 372. ECF No. 1 at 3-5. The text of Section 372 contains one sentence with multiple clauses that describe several different categories of proscribed conspiracies:

> If two or more persons … conspire to
>
> (1) prevent, by force, intimidation, or threat, any person
>> i. from accepting or holding any office, trust, or place of confidence under the United States, or
>> ii. from discharging any duties thereof, or
>
> (2) to induce by like means any officer of the United States to leave the place, where his duties as an officer are required to be performed, or
> (3) to injure him in his person or property
>> i. on account of his lawful discharge of the duties of his office, or
>> ii. while engaged in the lawful discharge thereof, or
>
> (4) to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties,
> each of such persons shall be fined under this title or imprisoned not more than six years, or both.

18 U.S.C. § 372 (numbers added for organization following the Ninth Circuit's opinion in *United States v. Ehmer*, 87 F.4th 1073, 1117 (9th Cir. 2023)).

The pending motions request dismissal on various grounds. Archer's first Motion to Dismiss[3] argues the Indictment as applied violates the First Amendment

---

[3] Archer filed a second Motion to Dismiss on the grounds that there is no

ORDER ON PRETRIAL MOTIONS * 4

to the United States constitution. ECF No. 242. Forral's Motion to Strike the Indictment argues the Indictment fails to state a cognizable offense[4] and asks the Court to strike two of the three conspiracies alleged in Count One of the Indictment. ECF Nos. 239, 245.[5] Mavalwalla II joins both motions. ECF No. 249. The motions are addressed in turn.

## MOTION TO DISMISS INDICTMENT UNDER THE FIRST AMENDMENT

Archer raises two interrelated First Amendment arguments in support of their motion to dismiss: (1) Section 372 is unconstitutional as applied to them, as it treats their protest attendance as a conspiracy in violation of their right to freedom of association; and (2) the Indictment fails to allege the use of force, intimidation, or threat to impede federal officers, or a conspiracy to do so. The Government

lawfully appointed U.S. Attorney for the Eastern District of Washington. ECF No. 266. Forral and Mavalwalla II joined this motion at the hearing. For the reasons discussed on the record at the hearing, this motion is denied.

[4]In the alternative of dismissal, ECF No. 242 asks that the Court strike language from the Indictment based on the failure to state an offense.

[5]ECF No. 239 was amended by ECF No. 245. Forral also joins Archer's first Motion to Dismiss and asks the Court to dismiss the indictment entirely. ECF No. 245.

ORDER ON PRETRIAL MOTIONS * 5

responds that the Indictment on its face alleges a cognizable offense.

The Federal Rules of Criminal Procedure require that an indictment be "a plain, concise, and definite written statement of the essential facts constituting the offense charged." FRCrP 7(c)(1). An indictment is sufficient if it contains the elements of the offense charged, "fairly informs the defendant of the charge against which he must defend, and … enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887 (1974).

Sufficiency turns not on "whether [the indictment] could have been more definite and certain," *United States v. Concord Management & Consulting LLC*, 347 F. Supp.3d 38, 44–45 (2018) (quoting *United States v. Debrow*, 346 U.S. 374, 378, 74 S.Ct. 113 (1953)), but on "whether it is fair to require the accused to defend himself on the basis of the charge as stated." *Id.* (quoting *United States v. Conlin*, 628 F.2d 150, 155 (D.C. Cir. 1980)).

Defendants in criminal cases may "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." FRCrP 12(b)(1). The scope of the Court's review at the Rule 12 stage is limited. A pretrial motion to dismiss "cannot be used as a device for summary trial of the evidence." *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) (quoting *United States v. Marra*, 481 F.2d 1196, 1199–1200 (6th Cir.)). In other words, there

ORDER ON PRETRIAL MOTIONS * 6

exists no criminal corollary to the civil summary judgment mechanism. The Government is entitled to present its evidence at trial and have its sufficiency tested by a motion for acquittal pursuant to FRCrP 29. *See United States v. Nukida*, 8 F.3d 665, 670 (9th Cir. 1993) (denying the defendant's motion to dismiss as "a premature challenge to the sufficiency of the government's evidence").

As a result, when evaluating a Rule 12 motion, the Court must accept the factual allegations in the indictment as true and determine whether they state a cognizable offense. *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). Evidentiary questions—such as credibility determinations and the weighing of proof—are not resolved at this stage. *See id.*; *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986). The Court's review is limited to determining whether, assuming the facts set forth in the indictment are true, the allegations charge an offense for which the defendant may be convicted. *Boren*, 278 F.3d at 914.

*A. Section 372 Is Content-Neutral*

The threshold question in an as-applied First Amendment challenge is whether the statute at issue regulates speech based on its content. *Ward v. Rock Against Racism*, 491 U.S. 781, 791, 109 S. Ct. 2746 (1989). A regulation is content-neutral if it is "justified without reference to the content of the regulated speech." *Id.*

ORDER ON PRETRIAL MOTIONS * 7

Section 372, by its terms, does not distinguish between speakers or messages. It targets a specific course of conduct—conspiring to impede federal officers through "force, intimidation, or threat" without regard to whether the underlying motivation is political, personal, or otherwise. The First Amendment does not protect so-called "true threats" or attempts to intimidate others with the threat of unlawful violence. *Virginia v. Black*, 538 U.S. 343, 359-60, 123 S. Ct. 1536 (2003). Section 372 is therefore content-neutral and constitutional on its face. *See also United States v. Fulbright*, 105 F.3d 443, 452 (9th Cir. 1997), *overruled on other grounds by United States v. Heredia*, 483 F.3d 913 (9th Cir. 2007).

*B. The Freedom-of-Association Argument Does Not Warrant Dismissal at This Stage*

Archer contends the Indictment punishes mere attendance at a protest, violating the right to freedom of association. The Court finds this argument premature.

As all parties recognize, "[l]iability may not be imposed merely because an individual belonged to a group, some members of which committed acts of violence." *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 920, 109 S.Ct. 3409 (1982). To impose liability by reason of association, the Government must "establish that the group itself possessed unlawful goals and that the individual held a specific intent to further those illegal aims." *Id.*

ORDER ON PRETRIAL MOTIONS * 8

Consistent with that principle, Section 372 does not impose broad liability upon any person who attends a protest. It is narrowly tailored only to individuals who have an objective and subjective intent to engage in a conspiracy to prevent an employee from discharging his or her duties "by force, intimidation, or threat." 18 U.S.C § 372.

In *Ehmer* the Ninth Circuit explained,

> Under § 372 the crucial element separating legal innocence from wrongful conduct is that the defendant conspires to prevent an employee from discharging his duties "by force, intimidation, or threat." It follows that, absent some textual indication to the contrary, a 'culpable mental state' must presumptively be shown with respect to that element.

> *Ehmer*, 87 F.4th 1073, 1120 (9th Cir. 2023) (citing *Rehaif v. United States*, 588 U.S. 225, 228, 139 S. Ct. 2191, 2195 (2019)).

The Government must therefore prove more than mere presence, attendance, or abstract agreement. Section 372 requires both an agreement to engage in unlawful conduct, and the requisite culpable objective and subjective intent.[6]

---

[6] In *Ehmer* the Ninth Circuit upheld the district court's following jury instruction which clarified the Government's burden under Section 372:

> In order for speech or expressive conduct to qualify as 'intimidation' or a 'threat' in this context, [1] the speaker or actor must intend his or her words or conduct to intimidate or to be a threat, and [2] those words or conduct must also be such that a reasonable person hearing or observing them would foresee that they would be interpreted as a serious expression of intent to

ORDER ON PRETRIAL MOTIONS * 9

Whether this can be proven—and whether the evidence will show a genuine conspiratorial agreement rather than merely protected activity—is not for the Court to decide at this stage, but a factual question for the jury. At this time, the Court cannot conclude that the Indictment on its face charges only constitutionally protected association.

*C. The Sufficiency of "Force, Intimidation, or Threat" Allegations*

Next, Archer argues the Indictment does not sufficiently allege that he used, or conspired to use, force, intimidation, or threats. ECF No. 242 at 18-20.

However, the Indictment alleges that the defendants, including Archer, conspired to use force, threats, and intimidation to impede and prevent federal agents from processing and transporting federal detainees to their immigration hearings, and to coerce their release. ECF No. 1 at 2. This allegation is enough. The Court must accept the Indictment's allegations as true for the purposes of this motion. Archer's argument as to whether defendants' acts amounted to force, intimation or threats, or a conspiracy to do so, is a factual argument more appropriately raised at trial. If the Government fails to present sufficient evidence that defendants used force, intimidation, or threats, or conspired to do so, they may move to dismiss under Rule 29. As for the allegations presented in the indictment,

---

harm or assault.

87 F.4th at 1119.

ORDER ON PRETRIAL MOTIONS * 10

the Court cannot conclude that the charged conduct falls outside of Section 372 as a matter of law. Archer's Motion to Dismiss is premature and is denied.

## MOTION TO DISMISS OR IN THE ALTERNATIVE TO STRIKE TWO OF THE THREE CONSPIRACIES ALLEGES IN COUNT ONE

Forral raises three arguments in their motion to dismiss: (1) the federal law enforcement agents set forth in the Indictment do not qualify as "Officers of the United States" under Section 372; (2) the Indictment fails to identify the officers with sufficient definiteness or the property that was damaged; and (3) the term "his property" used in Section 372 refers only to an officer's personally owned belongings and does not extend to government-issued equipment or vehicles.

*A. Federal Law Enforcement Officers Qualify as "Officers of the United States" Under Section 372*

Forral contends that sworn federal law enforcement agents set forth in the Indictment are not as a matter of law "Officers of the United States" within the meaning of the Appointments Clause, and that clauses (2)–(4) of Section 372 therefore do not apply. Forral's argument rests on the premise that "officer of the United States" in Section 372 must carry the narrow constitutional definition; persons appointed pursuant to Article II, Section 2 of the Constitution. The Court disagrees.

The text of Section 372 contains one sentence with multiple clauses that

ORDER ON PRETRIAL MOTIONS * 11

describe several different categories of proscribed conspiracies. Clause (1) makes it unlawful to conspire, "by force intimidation, or threat, to prevent … any person" from "accepting or holding any office, trust, or place of confidence under the United States," or from "discharging any duties thereof." 18 U.S.C. §372. Clauses (2) through (4) then prohibit other conspiracies, to induce by like means "any officer of the United States" to leave the place where his duties are required to be performed, to injure him in his person or property because of, or while engaged in the discharge of duties, or to injure his property so as to hinder the discharge of his official duties. *Id.*

Read as a whole, the each of the statute's operative clauses concern interference with the discharge of federal duties. Clause (1) prohibits preventing a federal officer from accepting or holding office or from discharging any duties associated with the office. Clauses (2) through (4) similarly prohibit different means of interfering with discharge of federal duties: forcing the officer to leave the place of duty, injuring the officer in the discharge of those duties, or injuring the officer's property so as to hinder that discharge. Despite their slightly different wording, each of these clauses protect the same class of federal officers. The class of officers does not expand or contract depending on the means of interference. *See United States v. Nordean*, 2022 WL 17583799, at *12-13 (D.D.C. Dec. 11, 2022) (reading the materially similar phrases "office ... under the United States" and

ORDER ON PRETRIAL MOTIONS * 12

"officer of the United States" coextensively in light of Section 372's text and structure).[7]

The Ninth Circuit determined in *United States v. Ehmer*, that Clause (1), which uses the broader phrase "office, trust, or place of confidence under the United States," is not limited to Appointment Clause officers. 87 F.4th 1073, 1118-19 (9th Cir. 2023). While *Ehmer* did not extend that holding to Clauses (2) through (4) it makes little textual sense to read Clause (1) broadly to protect federal personnel performing official duties, but to read Clauses (2) through (4) narrowly when they simply prohibit different means of interfering with that same discharge of duties.

Thus, Clause (1) is not limited by the Appointments Clause language, and the remaining clauses, which discuss the discharge of duties of the same officer, are best read together rather than withdrawing protection when the interference

---

[7] As *Nordean* explained, the phrases "office ... under the United States" and "officer of the United States" appear in the same sentence, the presumption of consistent usage is therefore at its strongest, and the slight variation in wording is best explained by grammar, not by a decision to protect one class of federal personnel under Clause (1) and a narrower class under Clauses (2) through (4). 2022 WL 17583799, at *12-13 (D.D.C. Dec. 11, 2022).

ORDER ON PRETRIAL MOTIONS * 13

takes a different form. Under that reading, the federal agents identified in Count 1 qualify as officers of the United States within the meaning of Section 372.

*B. The Indictment Is Sufficiently Specific.*

Forral argues the Indictment is fatally vague as it fails to identify the specific officers whose person or property was injured, the nature of the injury, and whose property was damaged.

A criminal statute need only "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited." *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855 (1983). Where the indictment tracks the statutory language, it is sufficient "so long as the words unambiguously set forth all elements necessary to constitute the offense." *Davis*, 336 F.3d at 922. Nor must an indictment "set forth the specific means by which the defendant violated the statute." *United States v. Haines*, 2017 WL 923921, at *1 (D. Nev. Mar. 8, 2017). An indictment need only set forth the elements of the offense charged in adequate detail to inform the defendant of the charge and enable him to plead double jeopardy. *United States v. Award*, 551 F.3d 930, 935 (9th Cir. 2009).

The Indictment is specific. It recites the statutory elements of Section 372, identifies the date and location of the alleged conspiracy, the federal agencies whose officers were targeted, the objects of the conspiracy, and eight overt acts

ORDER ON PRETRIAL MOTIONS * 14

attributing particular conduct to individual defendants and co-conspirators. ECF No. 1 at 2–5. The alleged overt acts are not vague. Rather, the allegations describe specific conduct such as deflating and slashing tires, painting windshields to render vehicles inoperable, physically blocking driveways, placing barriers in front of building exits, and pushing against officers who ordered dispersal. *Id.*

Forral's principal complaint appears to be that the Indictment does not individually name the 14 federal officers and employees who were present. But the Government represents that this information has been provided through discovery and will be consolidated in a single report. ECF No. 248 at 14. In any event, the remedy for an indictment that is facially valid but lacks desired factual detail is a bill of particulars under Federal Rule of Criminal Procedure 7(f)—not dismissal. *See United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983).

*C. "His Property" Encompasses Property in the Officer's Possession or Control.*

Forral contends that the words "his property" in Clauses (3) and (4) of Section 372 refer only to an officer's personally owned belongings and not to government-issued equipment or vehicles. The Government disagrees, arguing that the text and structure of the statute foreclose this narrow reading. The Court agrees with the Government.

Forral's reading produces illogical results. If "his property" means only

ORDER ON PRETRIAL MOTIONS * 15

personally owned property, then deflating the tires of a government transport vehicle to prevent an officer from carrying out a transport order would fall outside the statute, even though such conduct is the kind of interference Section 372 was designed to reach. Meanwhile, scratching an officer's personal wristwatch during the same encounter would be covered. Congress did not enact a statute to protect officers' personal effects while leaving the tools of their office unprotected. The Court concludes that "his property" encompasses property in the officer's possession or under his control in the course of official duties.

## CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED**:

1.     Defendant Justice Forral's Motion to Include Forral's Motion to Strike with Archer's Motion to Dismiss Briefing, **ECF No. 240,** is **GRANTED**

2.     Defendant Bajun Dhunjisha Mavalwalla II's Notice of Joinder in Motions to Strike and Dismiss, **ECF No. 249**, is **GRANTED**.

3.     Absent an option out or briefing to the contrary, the Court will construe all defense motions as joined by all Defendants.

4.     Defendant Jac Archer's Motion to Dismiss Indictment Under the First Amendment, **ECF No. 242,** is **DENIED**.

5.     Defendant Justice Forral's Motion to Dismiss or in the Alternative, to Strike Two of the Three Conspiracies Alleged in Count 1, **ECF No. 239**, is

ORDER ON PRETRIAL MOTIONS * 16

**DENIED**.

6.    Defendant Justice Forral's Amended Motion to Dismiss or in the Alternative, to Strike Two of the Three Conspiracies Alleged in Count 1, **ECF No. 245**, is **DENIED**.

7.    Defendant Jac Archer's Motion to Dismiss Re: Lack of Lawfully Appointed United States Attorney for the Eastern District of Washington, **ECF No. 266**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to all counsel.

DATED April 20, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER ON PRETRIAL MOTIONS * 17