Matthew F. Duggan
Duggan Law Offices
23505 E. Appleway Avenue
Suite 200-175
Liberty Lake, Washington 99019
509-951-2047
matt@mattdugganlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br><br>        v.<br><br>BAJUN MAVALWALLA,<br><br>                            Defendant. | No:  1:24-CR-02027-SAB-10<br><br><br>OPPOSITION TO GOVERNMENT MOTION TO EXCLUDE EVIDENCE OF DEFENDANT'S MILITARY SERVICE |

TO: TODD BLANCHE, DEPUTY ATTORNEY GENERAL, AND LISA C. CARTIER GIROUX, ASSISTANT UNITED STATES ATTORNEY
        CLERK OF COURT

        Comes now, counsel for defendant Bajun Mavalwalla, Matthew F. Duggan, and hereby opposes the government's motion to exclude evidence that Mr. Mavalwalla served in the military.  ECF 264 at 4-5.

**ARGUMENT**

        The Constitution guarantees Mr. Mavalwalla an absolute right to testify in his own defense. *See, e.g., Rock v. Arkansas*, 483 U.S. 44 (1987).  He intends to exercise that right.  In the course of his testimony, Mr. Mavalwalla will describe his employment history, including his six years of service in the United States Army National Guard (nine months of which were on deployment to Afghanistan), followed by an honorable discharge.

OPPOSITION TO GOVERNMENT MOTION TO EXCLUDE EVIDENCE

1

The government asks the Court to bar Mr. Mavalwalla from mentioning his service to this country. The government's proposed restriction on his testimony would violate his Fifth and Sixth Amendment rights. The Supreme Court has held that restrictions on a defendant's right to testify "may not be arbitrary or disproportionate to the purposes they are designed to serve." *Rock*, 483 U.S. at 56. Barring Mr. Mavalwalla from testifying to his six years of military service would be entirely arbitrary and would serve no legitimate purpose. The testimony will not be offered as character evidence under Fed. R. Evid. 404(a)(2), as the government suggests; it will instead be background evidence to assist the jury in assessing Mr. Mavalwalla's credibility. Such evidence is uniformly admitted. As the Second Circuit explained, "The testimony concerning [the defendant's] service in the Marine Corps and his completion of two years of college was properly received as background. It told the jury something about the defendant as a person, and his experience in life." *United States v. Blackwell*, 853 F.2d 86, 88 (2d Cir. 1988); *see, e.g., United States v. Lucas*, 395 F. Supp. 3d 241, 254-57 (W.D.N.Y. 2019) (DEA agent called by the government properly permitted to describe his military service, including a combat tour in Iraq; agent was a "significant witness" and it was appropriate for the jury to have this "background information"); *Bird v. West Valley City*, 2019 U.S. Dist. LEXIS 54418, at *20 (D. Utah March 28, 2019) ("Mr. Morris's testimony concerning his military experience was relevant and admissible as background evidence. Such evidence helped the jury to get to know the witness and assess his credibility."), *aff'd*, 831 Fed. Appx. 881, 887-90 (10th Cir. Oct. 14, 2020) (court of appeals notes appellant's concession that much of the Morris testimony was "acceptable background evidence"; a handful of questions that went beyond background were harmless); *Talley v. King*, 2018 U.S. Dist. LEXIS 1381, at *9 (W.D. Pa. Jan. 4, 2018) ("The employment background of the Defendants is relevant to the jury's assessment of credibility and it was not legal error to allow the Defendants to testify as to their employment history, including any military service."); *United States v. Deel*, 2010 U.S. Dist. LEXIS 12074, at *3 (W.D. Va. Feb. 11, 2010) ("While military service or disability is not admissible as character evidence in this case, I will allow a defendant who testifies to give a brief and straight-forward recitation of his life history, including employment and family details, simply as background evidence for the jury's benefit to judge his credibility."); *cf.* Fed. R. Evid.

OPPOSITION TO GOVERNMENT MOTION TO EXCLUDE EVIDENCE

401, advisory committee note ("Evidence which is essentially background in nature can scarcely be said to involve disputed matter, yet it is universally offered and admitted as an aid to understanding.").

In line with these and other cases, the Court should deny the government's motion.

### CONCLUSION

For these reasons, the Court should deny the government's motion to exclude evidence of Mr. Mavalwalla's military service.

DATED:        April 24, 2026

Respectfully Submitted,
/s/ *Matthew F. Duggan*
Matthew F. Duggan
Attorney for Defendant
WSBA NO.  21852
23505 E. Appleway Ave
Liberty Lake, WA 99019
509-951-2047
matt@mattdugganlaw.com

### CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Caitlin Baunsgard, Assistant United States Attorney.

*/s/ Matthew F. Duggan*
Matthew F. Duggan
Attorney for Defendant
Duggan Law Offices
23505 E. Appleway Ave
Suite 200-175
Liberty Lake, WA 99019509-951-2047
matt@mattdugganlaw.com

OPPOSITION TO GOVERNMENT MOTION TO EXCLUDE EVIDENCE

3