Todd Blanche
Acting Attorney General of the United States
Lisa Cartier-Giroux
Rebecca R. Perez
Assistant United States Attorneys
Eastern District of Washington
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                        Plaintiff,

            v.

JUSTICE FORRAL,

                        Defendant.

Case No.: 2:25-CR-00113-RLP-2

United States' Response to Defendant's Motion to Strike 902(11) Notice (ECF 288)

        Plaintiff, United States of America, by and through Lisa Cartier-Giroux and Rebecca Perez Assistant United States Attorneys for the Eastern District of Washington, submits the following Response to Defendant Forral's Motion to Strike 902(11) Notice.  (ECF No. 288).

        Defendant Forral argues that the United States' 902(11) notice is untimely, and insufficient.

        The United States' notice at ECF 286 attached the certificates of authenticity which comply with the requirements of Federal Rule of Evidence 902(11). In addition, those notices were previously disclosed to Defendants months ago (August 2025 and November 2025) at Bates Stuckart et al_00016092, 00018200, and 00018199. Neither the Rule of Evidence nor the Orders from this Court (ECF 173 and 238) give any particular time frame in which a 902(11) trial notice must be

United States' Response to Defendant's Motion to Strike – 1

filed other than the language of the rule which states "before trial.. the proponent must give an adverse party reasonable written notice of the intent to offer the record…"

The United States has done so. It has given Defendants months to examine the certificates and has provided official notice well in advance of trial. The United States' notice is not a motion in limine that requires any ruling from the Court—it is simply a notice, as the rule requires. There is no violation such that the United States' notice should be excluded.

Regarding the sufficiency of the notice—the United States' notice at ECF 286 discusses the ample case law supporting the ability of a party to introduce a certificate of authenticity rather than call a foundational witness from Facebook, Verizon, or a similar company. The case cited by Defendant, *United States v. Allen,* 159 F.4th 625 (9th Cir. 2025) specifically stated that such a process is legally permissible and approved the district court's admission of evidence using a 902(11) certificate of authenticity to admit Facebook records. It also noted that "the government may authenticate the substance of social media evidence through circumstantial evidence linking a defendant to a social media account." *Id.* at 634.

The rules of evidence as well as case law support the use and admission of evidence using a certificate of authenticity. In the event this Court denies the use of such a certificate, the United States will call additional witnesses from Facebook and Verizon to authenticate the respective evidence.

Dated:  April 28, 2026.

Todd Blanche
Acting Attorney General

*s/ Rebecca R. Perez*
Rebecca R. Perez
Assistant United States Attorney

United States' Response to Defendant's Motion to Strike – 2

### CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

_s/ Rebecca R. Perez_
Rebecca R. Perez
Assistant United States Attorney

United States' Response to Defendant's Motion to Strike – 3