Todd Blanche
Acting Attorney General
Lisa Cartier-Giroux
Rebecca R. Perez
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>JUSTICE FORRAL, BAJUN DHUNJISHA MAVAWALLA II, and JAC DALITISO ARCHER, | Case No.: 2:25-CR-113-RLP-2,8,9<br><br>UNITED STATES' EXPERT NOTICE, PURSUANT TO FED. R. CRIM. P. 16—KEVIN LOADER SIGNED |

Plaintiff United States of America, by and through Lisa Cartier-Giroux and Rebecca R. Perez, Assistant United States Attorneys for the Eastern District of Washington, hereby submits the following amended Notice of Expert Witnesses and Rule 16 Summary. This notice supplements the previously-filed notice at ECF 269. This notice is signed, per Federal Criminal Rule 16. There are no other changes to the notice or to the expert's opinion, other than the addition of a signature at the bottom of the pleading.

United States' Expert Notice--signed  – 1

The United States intends on calling Digital Forensic Examiner Special Agent Kevin Loader. SA Loader's CV is attached as Exhibit 1. He has no publications related to the topic of testimony and has not testified as an expert in the past 4 years.

The United States files this notice out of an abundance of caution as the United States submits that the anticipated testimony will be statements by a fact witness, rather than expert opinion. SA Loader will testify that he extracted data from Defendants' phones, i.e. performed a "phone dump". He will not provide any opinions regarding the case; he will simply testify that he performed the extractions and then provided data to case agents. Therefore, his testimony will be that of a fact witness, rather than an expert. *See United States v. Berry*, 318 F. App'x 569, 570 (9th Cir. 2009) (unpublished) (testimony of agent was "akin to a fact witness rather than an expert," when he "simply testified to what he found on the [defendant's] hard drive . . . without expressing an opinion that required specialized knowledge or offering insight beyond common understanding"); *United States v. Callabero*, 277 F.3d 1235, 1247 (10th Cir. 2002) (INS agent testimony "neither a lay nor an expert opinion" but "a statement of fact as to what they had witnessed"); *United States v. McLeod*, 755 Fed. Appx. 670, 673-74 (9th Cir. 2019) (unpublished) (district court did not abuse its discretion by admitting testimony without requiring compliance with Rule 702 where witness testified about what Cellebrite does, how he used it to extract information from a cell phone, and how he could select what data to extract); *United States v. Seugasala*, 702 F. App'x 572, 575 (9th Cir. 2017) (unpublished) ("[T]he officers who

followed the software prompts from Cellebrite and XRY to obtain data from electronic devices did not present testimony that was based on technical or specialized knowledge that would require expert testimony.") SA Loader is not expected to offer any expert opinions about the forensic recovery tools utilized.

Federal Rule of Evidence 701 provides that a lay witness may offer opinion testimony that exceeds his or her percipient observations, so long as the opinion is "(a) rationally based on the witness' perception; (b) helpful to clearly understanding the witness' testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

SA Loader's anticipated testimony meets all three of these requirements. His testimony will be "rationally based on [his] perception," as he will describe what he did with the seized cellphones after he was provided with them by the Federal Bureau of Investigation ("FBI") or local agencies. His testimony will certainly be helpful to "determining a fact in issue," as the data he retrieved may be introduced at trial in support of the allegations. Finally, SA Loader's anticipated testimony will not be "based on scientific, technical, or other specialized knowledge within the scope of Rule 702,"; rather, the testimony will consist of his observations and actions without rendering opinions or describing specialized knowledge.

In *United States v. Marsh*, 568 F. App'x 15 (2d. Cir. 2014) (unpublished), an FBI agent testified that he used the forensic examination tool called Cellebrite "to download and review the contents of two cellular phones." *Id.* at 16. The defendant

United States' Expert Notice--signed – 3

in that case challenged the agent's testimony as improper "expert opinion testimony from a non-expert witness." *Id.* The Second Circuit rejected this argument, holding the agent "did not purport to render an opinion based on the application of specialized knowledge" and his testimony did not "turn on or require a technical understanding of the programming or internal mechanics of the technology." *Id.* Instead, the agent merely testified that he used Cellebrite to "retrieve text messages and other data from a cellular phone" and "testified to the contents of the messages retrieved from the phone." *Id.* Thus, the agent properly testified as a fact witness "pursuant to Rule 602." *Id*; *see also United States v. Seugasala*, 702 F. App'x 572, 575 (9th Cir. 2017) (unpublished) (testimony about using Cellebrite to "obtain data from electronic devices did not present testimony that was based on technical or specialized knowledge that would require expert testimony"); *United States v. McLeod*, No. 16-50013, 2018 WL 4089599, at *2 (9th Cir. Aug. 28, 2018) (no abuse of discretion to allow lay testimony from a detective about use of Cellebrite to download a phone).

In the event that the Court does consider SA Loader's testimony to be that of an expert, the United States provides this notice in compliance with Federal Rule of Criminal Procedure 16(G). SA Loader will testify that he took custody of Defendants' phones, used the forensic tools of Cellebrite and Greykey to retrieve data off of the phones, and provided that data to case agents.

//

//

United States' Expert Notice--signed – 4

Signed:

_Kevin Loader_

Kevin Loader


Dated: May 6, 2026

Todd Blanche
Deputy Attorney General

_s/ Rebecca R. Perez_
Rebecca R. Perez
Assistant United States Attorney

United States' Expert Notice--signed  – 5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 18, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to Defendant's counsel of record using the CM/ECF system.

*s/ Rebecca R. Perez*
Rebecca R. Perez
Assistant United States Attorney

Certificate of Service – 1