

Andrea K. George
Executive Director
601 W. Riverside Ave., Suite 900
Spokane, Washington 99201
509.624.7606
Attorney for Justice Forral

UNITED STATES DISTRICT COURT
HONORABLE REBECCA PENNELL

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUSTICE FORRAL,<br><br>Defendant. | No.  2:25-cr-00113-RLP<br><br><br>PROPOSED JURY INSTRUCTIONS |

Justice Forral, by and through their counsel Andrea K. George and Amy H. Rubin, submits the following proposed jury instructions.

| Inst. # | Cite | Title |
|---|---|---|
| 1 | 6.1 | Duties of Jury to Find Facts and Follow Law |
| 2 | 6.2 | Charge Against Defendant Not Evidence – Presumption of Innocence – Burden of Proof |
| 3 | 6.3 | Defendant's Decision Not to Testify |
| 4 | 6.4 | Defendant's Decision to Testify |
| 5 | 6.5 | Reasonable Doubt – Defined |
| 6 | 6.6 | What is Evidence |
| 7 | 6.7 | What is Not Evidence |
| 8 | 6.8 | Direct and Circumstantial Evidence |
| 9 | 6.9 | Credibility of Witnesses |
| 10 | 6.10 | Activities Not Charged |
| 11 | 6.12 | Separate Consideration of Single Count – Multiple Defendants |
| 12 | 11.3 | Multiple Conspiracies |
| 13 | 11.1 | Conspiracy – Elements to include additional §372 and unanimity language |
| 14 | Caselaw | Definition of Force, Intimidation, Threat |
| 15 | Caselaw | First Amendment |
| 16 | Caselaw | Protected Speech |
| 17 | 6.20 | Consideration of Evidence |
| 18 | 6.21 | Use of Notes |
| 19 | 6.22 | Verdict Form |

**Proposed Jury Instruction No. 1**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious bias. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return – that is a matter entirely up to you.

*6.1 Duties of Jury to Find Facts and Follow Law*

**Proposed Jury Instruction No. 2**

The indictment is not evidence. The defendant has pleaded not guilty to the charge. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present evidence. The defendant does not have to prove innocence; the government hs the burden of proving every element of the charge beyond a reasonable doubt.

*6.2 Charge Against Defendant Not Evidence – Presumption of Innocence – Burden of Proof*

**Proposed Jury Instruction No. 3**

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

*6.3 Defendant's Decision Not to Testify*

**Proposed Jury Instruction No. 4**

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

*6.4 Defendant's Decision to Testify*

**Proposed Jury Instruction No. 5**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

*6.5 Reasonable Doubt – Defined*

**Proposed Jury Instruction No. 6**

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness; second, the exhibits received in evidence; and third, any facts to which the parties have agreed.

*6.6 What is Evidence*

**Proposed Jury Instruction No. 7**

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence, and you may not consider them in deciding what the facts are:

1.    Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but is not evidence. If the facts as your remember them differ from the way the lawyers state them, your memory of them controls.

2.    Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3.    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

*6.7 What is Not Evidence*

**Proposed Jury Instruction No. 8**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidenc.e Either can be used to prove any fact. The law makes no distinction between the weight to be give to either direct or circumstantial evidence. It is for you to decide how much weight to give any evidence.

*6.8 Direct and Circumstantial Evidence*

**Proposed Jury Instruction No. 9**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to; second, the witness's memory; third, the witness's manner while testifying; fourth, the witness's interest in the out come of the case, if any; fifth, the witness's bias or prejudice, if any; sixth, whether other evidence contradicted the witness's testimony; seventh, the reasonableness of the witness's testimony in light of all the evidence; and eight, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.

On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

You must judge the testimony of a police officer as you would any other witness.

*6.9 Credibility of Witnesses* – modified to include the last sentence.

**Proposed Jury Instruction No. 10**

You are here only to determine whether the defendant is guilty or not guilty of the charge in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

*6.10 Activities Not Charged*

**Proposed Jury Instruction No. 11**

A separate crime is charged against each defendant. The charges have been joined for trial. You must consider and decide the case of each defendant separately. Your verdict as to one defendant should not control your verdict as to any other defendant.

All the instructions apply to each defendant [unless a specific instruction states that it applies to only a specific defendant.]

*6.12 Separate Consideration of Single Count – Multiple Defendants*

**Proposed Jury Instruction No. 12**

You must decide whether the conspiracy charged in the indictment existed, and if it did, who at least some of its members were. If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed. Similarly, if you find that any defendant was not a member of the charged conspiracy, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

*11.3 Multiple Conspiracies*

**Proposed Jury Instruction No. 13**

The defendants are charged in the Indictment with conspiring to impede or injure an officer of the United States in violation of 18 U.S.C. §372. For the defendants to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, on or about June 11, 2025, the defendant and at least one other person, in any State, Territory, Possession, or District of the United States, conspired:

1.  to prevent by force, intimidation, or threat, any officer of the United States from discharging any of his official duties; or

2.  to injure the person of any officer of the United States on account of his lawful discharge of the duties of his office, or

3.  to injury the property of any officer of the United States on account of his lawful discharge of the duties of his office, or

4.  to injury the property of any officer of the United States so as to molest, interrupt, hinder, or impede him in the discharge of his official duties.

Second, the defendant became a member of the conspiracy of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

A conspiracy is a kind of criminal partnership – an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to

do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in 1-4 above (as alleged in the indictment) as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit. In other words, in order to find each defendant individually guilty of the charge, you must unanimously agree on which of the crimes each defendant committed.

One becomes a member of a conspiracy by knowingly participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who knowingly joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does

not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

*11.1    Conspiracy – Elements* (modified to incorporate §372 and unanimity language.)

**Proposed Jury Instruction No. 14**

Force means conduct which is capable of causing physical pain or injury to another person. This definition excludes incidental or mere touching and requires a substantial degree of power.[1]  Force does not include actions which constitute resistance, opposition, or an impediment to an officer's duties.[2]

Intimidation involves a speaker directing a threat to a person or group with the intent of placing the person or group in fear of bodily harm or death.[3]

Threats is defined as statements where the speaker means to communicate a serious expression of intent to commit an act of unlawful violence against a particular individual or group of individuals.[4] The language and context of the threat must convey a gravity of purpose and likelihood of execution beyond mere hyperbolic or caustic speech.[5]

In order for speech or expressive conduct to qualify as intimidation or a threat, the speaker or actor must intend their words or conduct to intimidate or to be a true

---

[1] Force as defined in *Johnson v. United* States, 559 U.S. 133, 140 (2010).
[2] *Cheffer v. Reno*, 55 F.3d 1517, 1521 (11th Cir. 1995); (definition of "force" in Freedom of Access to Clinic Entrances Act of 1994, 18 U.S.C. 248, means "physical force" to comply with First Amendment and not restrict pure speech); *United States v. Rhodes,* 610 F. Supp. 3d 29, 51 (D.D.C. 2022)(Section 372 "was designed to protect Federal officers by providing for Federal prosecution whenever they were injured because of or in the course of their duties:); *United Staters v. Chapman,* 528 F.3d 1215, 1220 (9th Cir. 2008)(assault for purposes of 18 U.S.C> 111(a) does not include passive resistance to arrest).
[3] Intimidation as defined in *Virginia v. Black*, 538 U.S. 343, 363 (2003); *United States v. Cassels*, 408 F.3d 622, 631 (9th Cir. 2005).
[4] True threats as defined in *Virginia v. Black*, 538 U.S. 343, 359 (2003).
[5] *United States v. Dillard*, 795 F.3d 1191. 1199 (10th Cir. *hyperbolic*2015).

threat. Speech or expressive conduct does not qualify as a threat or intimidation unless the jury also finds that the words or conduct are such that a reasonable person hearing or observing them would foresee that they would be interpreted as a serious expression of intent to harm or assault.[6]

---

[6] *United States v. Ehmer,* 87 F.4th 1073, 1119 (9th Cir. 2023)

**Proposed Jury Instruction No. 15**

You have heard evidence about statements made to and by some defendants and other individuals. The First Amendment of the United States Constitution protects an individual's right to free speech, including speech that you may find to be vile, hateful, or offensive. The First Amendment does not, however, provide a right to engage in speech that is integral to criminal conduct. You may not find that a defendant committed a crime, or that a conspiracy existed simply because you find that a defendant, or other individuals, engaged in speech you find to be offensive.[7]

The First Amendment applies to not only speech, but to expressive conduct and association. Activities such as demonstrations, protest marches, and picketing are clearly protected by the First Amendment. Liability may not be imposed merely because an individual belonged to a group, some members of which committed acts of violence. For liability to be imposed by reason of association alone, it is necessary to establish that the group itself possessed unlawful goals and that the individual held a specific intent to further those illegal aims.

It is important to emphasize that a person's speech is not removed from the ambit of the First Amendment protection simply because it advocates an unlawful act. The First Amendment does not permit advocates an unlawful act.  The First

---

[7] Jury Instruction given in *United States v. Rhodes, et al,* 1:22-cr-00015-APM (D.D.C.) (ECF 396)

Amendment does not permit government to forbid or proscribe advocacy for an unlawful act except where such advocacy is directed to inciting or producing imminent lawless action and is likely to incite or produce such action. Imminent lawless action means violence or physical disorder in the nature of a riot. Peaceful speech, even speech that urges civil disobedience, is fully protected by the First Amendment. Civil disobedience is the willful violation of a law, undertaken for the purpose of social or political protest.

Although speech and assembly are generally protected by the First Amendment, that protection is not absolute, and speech or conduct not protected by the First Amendment is not a defense to the conspiracy charged in the indictment. For example, "force," "intimidation," and "threats" as defined above are not protected by the First Amendment.

*Collins v. Jordan*, 110 F.3d 1363, 1371 (9th Cir. 1996) (right of association scope); *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 920 (1982) (mere association with others does not impose liability); *White v. Lee*, 227 F.3d 1214, 1227 (9th Cir. 2000) ("Imminent lawless action" First Amendment standard); *United States v. Schoon*, 971 F.2d 193, 195-96 (9th Cir. 1991) (definition of "civil disobedience"); *United States v. Patrick*, District of Oregon 3:16-CR-00051-BR (portion of Jury Instruction pertaining to above definitions).

**Proposed Jury Instruction No. 16**

In determining whether the government has proved any defendant guilty of the conspiracy charged in the indictment, you must consider defendant's assertion that they were engaging in lawful speech and conduct, including political protest, protected by the First Amendment to the United States Constitution.

Jury Instruction given in *United States v. Rhodes, et al,* 1:22-cr-00015-APM (D.D.C.) (ECF 396)

**Proposed Jury Instruction No. 17**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations.

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who

violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

*6.20 Consideration of Evidence – Conduct of the Jury*

**Proposed Jury Instruction No. 18**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

*6.21 Use of Notes*

**Proposed Jury Instruction No. 19**

A verdict form has been prepared by you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the court security office that you are ready to return to the courtroom.

*6.23 Verdict Form*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

JUSTICE FORRAL,

        Defendant.

No. 2:25-cr-00113-RLP-2, 8, 9

VERDICT FORM

We, the jury, unanimously find the defendant Justice Forral, as follows:

**Count I**

As to Count I: Conspiracy to impede or injury officers, in violation of 18 U.S.C. §372.

Not guilty _____          Guilty _____

If your answer is not guilty, there is no need to proceed forward. However, if you find Justice Forral guilty of Count I, proceed to answer the following questions. You must unanimously agree on each question or your answer must be "no".

**Special Verdict**

**Question 1**
Having unanimously found Justice Forral guilty of the offense charged in Count I, do you unanimously find beyond a reasonable doubt that Justice Forral conspired with at least one other person to prevent by force, intimidation, or threat and officer of the United States from discharging any of his official duties?

No _____          Yes _____

**Question 2**

Having unanimously found Justice Forral guilty of the offense charged in Count I, do you unanimously find beyond a reasonable doubt that Justice Forral conspired with at least one other person to injure the person of any officer of the United States on account of his lawful discharge of the duties of his office?

No _____        Yes _____

**Question 3**

Having unanimously found Justice Forral guilty of the offense charged in Count I, do you unanimously find beyond a reasonable doubt that Justice Forral conspired with at least one other person to injure the property of any officer of the United States on account of his lawful discharge of the duties of his office?

No _____        Yes _____

**Question 4**

Having unanimously found Justice Forral guilty of the offense charged in Count I, do you unanimously find beyond a reasonable doubt that Justice Forral conspired with at least one other person to injure the property of any officer of the United States so as to molest, interrupt, hinder, or impede him in the discharge of his official duties?

No _____        Yes _____

Dated this \_\_\_\_\_ day of May 2026

_____
Presiding Juror

Dated: May 8, 2026.

Federal Defenders of Eastern Washington & Idaho

s/Andrea K. George

Andrea K. George, MN 0202125
601 W. Riverside Ave., Suite 900
Spokane, Washington 99201
t: (509) 624-7606
f: (509) 747-3539
Andrea_George@fd.org

CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2026, electronically filed the foregoing with

the Clerk of the Court using the CM/ECF System which will send notification of

such filing to the following: Lisa C. Cartier Giroux , Assistant United States

Attorney.

s/Andrea K. George

Andrea K. George, MN 0202125
601 W. Riverside Ave., Suite 900
Spokane, Washington 99201
t: (509) 624-7606
f: (509) 747-3539
Andrea_George@fd.org

PROPOSED JURY INSTRUCTIONS
– 29 –