Carl J. Oreskovich, WSBA #12779
Andrew M. Wagley, WSBA #50007
ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 West Riverside Avenue, Suite 210
Spokane, WA  99201
Phone: (509) 747-9100
Email: carl@ettermcmahon.com
Email: awagley@ettermcmahon.com
*Attorneys for Defendant Jac Dalitso Archer*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAC DALITSO ARCHER, *et al.*,<br><br>Defendants. | No. 2:25-CR-00113-RLP-9<br><br>**DEFENDANT ARCHER'S MOTION TO EXCLUDE RE: GOVERNMENT'S EXHIBIT 78 FINAL TWO RECORDINGS**<br><br><u>Final Pretrial Conference:</u><br> May 18, 2026 at 8:00 am<br> Spokane, Washington |

COMES NOW, Defendant Jac Dalitso Archer, by and through their attorneys of record, Carl J. Oreskovich and Andrew M. Wagley of Etter, McMahon, Lamberson, Van Wert & Oreskovich, P.C., and hereby submits the following Motion to Exclude Re: Government's Exhibit 78 Final Two Recordings.

Motion to Exclude Re: Ex. 78
Final Two Recordings—Page 1

<u>**PERTINENT BACKGROUND**</u>

On May 11, 2026, the Government disclosed over 170 Exhibits on its Exhibit List.  (*See* ECF No. 309.)  This includes Exhibit 78, entitled "PowerPoint_Archer_Phone," which is a PowerPoint summary of items downloaded from Defendant Archer's phone. (*See* Gov't Ex. 78.)  The final two PowerPoint slides of Exhibit 78 contain audio recordings of narratives Defendant Archer created after the events of June 11, 2025.  (*See id*.)

These audio recordings, entitled "PTT-20250616-WA0000" and "PTT-20250617-WA0000," discuss the arrest of Co-Defendant Justice Forral and potential charges involving Archer.  (*See* Ex. 78 at pp. 18-19.)  In PTT-20250616-WA0000, Archer states in pertinent part:

> . . . Someone from my gate, someone who is my employee at SCAR [Spokane Community Against Racism], um yeah, uh got arrested on seven counts of false imprisonment of a, of a, law enforcement officer.  And since I was a part of that same action, and identifiable on the tape as one of, I think the only black person on that gate, um there is a non-zero chance that I could also be looking at felony charges.  So, um, I have engaged counsel. . . .

(*Id*. at p. 18, timestamp 0:29-1:02.)  In turn, PTT-20250617-WA0000 provides:

> . . . So I am a supervisor, I am the Executive Director at SCAR, right?  So I have employees on the line, um, and, one of them is being charged with seven felony counts of um, um, false imprisonment. . . .  Based in part, on what they did with me, blocking an ICE vehicle from leaving one of the exits of the

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

facility. And, uh, it was, that's what flagged me to my current situation, the realization that I need to get my own counsel, because there could be charges for me at any point. Um, either the same felony false imprisonment charges, because honestly anybody on that line was ready charged [sic]. But I also know they are not going for everybody, they are targeting my employees specifically. . . . Or I could be looking at, um much softer, but definitely, probably couldn't beat it, misdemeanor, federal misdemeanor, um of interfering with a federal officer in his duties. Which, um, is a case that can definitely be fairly made. I'll leave it at that.

(*Id*. at p. 19, timestamp 0:23-1:50.)

Co-Defendant Justice Forral is charged with seven felony counts of unlawful imprisonment in Spokane County Superior Court Case No. 25-1-01334-32. In the United States' Omnibus *Second Motion in Limine*, it indicated "the United States does not intend to introduce evidence that Defendant Forral was charged and is pending trial in the state matter." (ECF No. 264 at p. 8.) As indicated in Exhibit 78, there were nine participants in a "SCAR Staff & Steering Committee" Signal Group Chat from Archer's phone regarding the June 11 protest, including "Justice." (Ex. 78 at p. 3.) As shown on various video exhibits, Justice was also at the South Gate with Defendant Archer at various points throughout the protest. Justice is the only Co-Defendant from the South Gate that worked with Defendant Archer at SCAR.

Motion to Exclude Re: Ex. 78
Final Two Recordings—Page 3

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

## POINTS & AUTHORITIES

Defendant Archer seeks to exclude the final two recordings in the Government's Exhibit 78, entitled "PTT-20250616-WA0000" and "PTT-20250617-WA0000," for the foregoing reasons.

Initially, the Government explicitly stated that "the United States does not intend to introduce evidence that Defendant Forral was charged and is pending trial in the state matter." (ECF No. 264 at p. 8.) Based upon an individual named "Justice" in the "SCAR Staff & Steering Committee" Signal Group Chat, Archer's statements regarding a co-worker at SCAR having been arrested for seven felony counts of unlawful imprisonment, and Justice and Archer's presence at the South Gate, the jury will clearly be able to infer that Co-Defendant Justice Forral is the individual who has been arrested for felony charges of unlawful imprisonment. The Government should be bound by its prior representations to the Court and Defense. (*See* ECF No. 264 at p. 8.)

Furthermore, any probative value that Archer thought there was a "non-zero chance" that they would be charged with state court felony false imprisonment or a federal misdemeanor is substantially outweighed by its unfair prejudice, confusion of the issues, and misleading the jury. Pursuant to Fed. R. Evid. 403: "The court may exclude relevant evidence if its probative value is

Motion to Exclude Re: Ex. 78
Final Two Recordings—Page 4

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Under the Rule, "'[u]nfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403, *Advisory Committee Note*. "Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury." *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992).

Evidence of, or reference to, Defendant Archer's statements that they may face charges related to felony false imprisonment or a federal misdemeanor are barred by Fed. R. Evid. 403. First, any probative value that Defendant Archer feared prosecution for other crimes is unfairly prejudicial as it will force the jury to impermissibly conclude that Defendant Archer engaged in criminal conduct. Second, Defendants are on trial for Conspiracy to Injure or Impede a Federal Officer in violation of 18 U.S.C. 372, a felony. Their statements regarding potential federal misdemeanor charges will force the jury to conclude that Defendants are on trial for only a misdemeanor offense. Although the jury is not to consider punishment, it is common knowledge that a federal felony is

Motion to Exclude Re: Ex. 78
Final Two Recordings—Page 5

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

substantially more serious than a misdemeanor offense. This is highly misleading, inappropriate, and barred by Fed. R. Evid. 403.

Finally, the recordings at issue involve Defendant Archer discussing the retention of counsel and the reasons therefore. The Ninth Circuit has expressly stated: "in no situation in a criminal trial such as this one do we feel the mere act of hiring an attorney is probative in the least of the guilt or innocence of defendants." *Bruno v. Rushen*, 721 F.2d 1193, 1194 (9th Cir. 1983). In this vein, "[l]awyers in a criminal case are necessities not luxuries, . . . and even the most innocent individuals do well to retain counsel." *Bruno*, 721 F.2d at 1194.

## CONCLUSION

As such, Defendant Archer respectfully requests that the Court exclude the final two recordings contained on the Government's Exhibit 78.

RESPECTFULLY SUBMITTED this 15th day of May, 2026.

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.

By:   /s/ Andrew M. Wagley
Carl J. Oreskovich, WSBA #12779
Andrew M. Wagley, WSBA #50007
*Attorneys for Defendant Archer*

Motion to Exclude Re: Ex. 78
Final Two Recordings—Page 6

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all of the attorneys that have appeared in this case and have registered with the CM/ECF System.

EXECUTED this 15th day of May, 2026 in Spokane, WA.

By:    /s/ Andrew M. Wagley
       Andrew M. Wagley

Motion to Exclude Re: Ex. 78
Final Two Recordings—Page 7

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100