Carl J. Oreskovich, WSBA #12779
Andrew M. Wagley, WSBA #50007
ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 West Riverside Avenue, Suite 210
Spokane, WA  99201
Phone: (509) 747-9100
Email: carl@ettermcmahon.com
Email: awagley@ettermcmahon.com
*Attorneys for Defendant Jac Dalitso Archer*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAC DALITSO ARCHER, *et al.*,<br><br>Defendants. | No. 2:25-CR-00113-RLP-9<br><br>**DEFENDANT ARCHER'S RESPONSE TO GOVERNMENT'S MOTION TO EXCLUDE HEARSAY TESTIMONY RE: SPOKANE POLICE CHIEF KEVIN HALL**<br><br><u>Final Pretrial Conference:</u><br>   May 18, 2026 at 8:00 am<br>   Spokane, Washington |

COMES NOW, Defendant Jac Dalitso Archer, by and through their attorneys of record, and hereby submits the following Response to the Government's Motion to Exclude Hearsay Testimony Re: Spokane Police Chief Kevin Hall (ECF No. 324).

Response to Motion to Exclude
Hearsay Testimony Re: Spokane
Police Chief Kevin Hall—Page 1

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

## PERTINENT BACKGROUND

Pursuant to the Government's Motion to Exclude, "Chief Hall indicated he believes his testimony will center on various meetings which have occurred between his agents and other organizations including SCAR (Spokane Community Against Racism), PJALS (Peace and Justice Action League Against [sic] Spokane) and other similar community groups." (ECF No. 324 at p. 2.) The Motion to Exclude further indicates that one of the purposes of the meetings "was to determine what protest behavior could occur within city limits and SPD's possible response." (*Id.*)

The Government "moves to exclude any impermissible hearsay testimony that may be elicited from Chief Hall," including "the contents of any meeting, any discussion about planning protests, or any conversation between any of the defendants and Chief Hall." (ECF No. 324 at p. 2.)

## POINTS & AUTHORITIES

Hearsay is an out-of-court statement used to prove the truth of the matter asserted therein. Fed. R. Evid. 801(c). Unless an exception or exclusion applies, hearsay is inadmissible. Fed. R. Evid. 802.

First, the rule against hearsay does not apply to out-of-court statements offered for a purpose other than the truth of the matter asserted. "One common

Response to Motion to Exclude
Hearsay Testimony Re: Spokane
Police Chief Kevin Hall—Page 2

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

application of this principle is admitting a declarant's out-of-court statement for the purpose of <u>establishing what effect it had on the listener</u>." *United States v. Lopez*, 913 F.3d 807, 826 (9th Cir. 2019); *accord United States v. Arteaga*, 117 F.3d 388, 397 (9th Cir. 1997). Additionally, "[u]nder the state of mind exception, hearsay evidence is admissible if it <u>bears on the state of mind of the declarant and if that state of mind is an issue in the case</u>." *United States v. Pheaster*, 544 F.2d 353, 376 (9th Cir. 1976) ("For example, statements by a testator which demonstrate that he had the necessary testamentary intent are admissible to show that intent when it is in issue."); *accord Atl.-Pac. Const. Co. v. N.L.R.B.*, 52 F.3d 260, 263 (9th Cir. 1995) ("An out of court statement may be admitted as circumstantial evidence of the declarant's state of mind and, here, the conversations surrounding the letter <u>demonstrate the employees' intent to protest working conditions</u> through the letter, the ultimate issue in this case."). Moreover, out-of-court statements regarding a conversation are not hearsay if "merely introductory and offered to show the context within which the parties . . . were acting." *Ortiz v. United States*, 318 F.2d 450, 451 (9th Cir. 1963) ("It is a valid theory for the introduction of evidence proving the fact conversations between 'X' and 'Y' took place; not necessarily proving, or offered to prove, the truth of what was said in such conversations.").

Response to Motion to Exclude
Hearsay Testimony Re: Spokane
Police Chief Kevin Hall—Page 3

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

As such, out-of-court statements made during conversations with Chief Hall are not offered for the truth of the matter asserted, but rather to show the effect on the listener (*i.e.,* "SPD's possible response"), Defendant's state of mind regarding non-violent protests, and the mere fact that conversations occurred with the SPD Chief of Police to determine permissible protest parameters. This does not constitute inadmissible hearsay.

Second, Chief Hall's understanding of the conversations at issue is not hearsay. Pursuant to Fed. R. Evid. 701, a witness may testify as to an opinion if it is "rationally based on the witness's perception" and "helpful to clearly understanding the witness's testimony or to determining a fact in issue." Fed. R. Evid. 701(a), (b). In this vein, "a lay witness' opinion concerning the witness' understanding of the declarant's statement or conduct may be helpful to the jury." *United States v. Simas*, 937 F.2d 459, 465 (9th Cir. 1991); *accord United States v. De Peri*, 778 F.2d 963, 977 (3d Cir. 1985). As such, Chief Hall can clearly testify to his understanding of the conversation(s) with Defendant(s) under Rule 701.

Third and finally, various hearsay exceptions may apply, depending upon the context of Chief Hall's testimony. Pursuant to the present sense impression exception, "[a] statement describing or explaining an event or condition, made

Response to Motion to Exclude
Hearsay Testimony Re: Spokane
Police Chief Kevin Hall—Page 4

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

while or immediately after the declarant perceived it" is admissible. Fed. R. Evid. 803(1). Pursuant to the then-existing state of mind or mental or emotional condition exception, "[a] statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health)" is a hearsay exclusion. *See* Fed. R. Evid. 803(3). Under both these exceptions, the Court considers three factors: "contemporaneousness, chance for reflection, and relevance." *United States v. Faust*, 850 F.2d 575, 585 (9th Cir. 1988). Either of these exceptions could easily apply depending upon the context of Chief Hall's testimony, including but not limited to Defendant's motive, intent, or plan regarding non-violent protests.

## CONCLUSION

As such, Defendant Archer respectfully requests that the Court deny the Government's Motion to Exclude Hearsay Testimony Re: Spokane Police Chief Kevin Hall (ECF No. 324).

RESPECTFULLY SUBMITTED this 15th day of May, 2026.

By:  /s/ Andrew M. Wagley
Carl J. Oreskovich, WSBA #12779
Andrew M. Wagley, WSBA #50007
*Attorneys for Defendant Archer*

Response to Motion to Exclude
Hearsay Testimony Re: Spokane
Police Chief Kevin Hall—Page 5

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all of the attorneys that have appeared in this case and have registered with the CM/ECF System.

EXECUTED this 15th day of May, 2026 in Spokane, WA.

By:  /s/ Andrew M. Wagley
Andrew M. Wagley

Response to Motion to Exclude
Hearsay Testimony Re: Spokane
Police Chief Kevin Hall—Page 6

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100