Todd Blanche
Acting Attorney General
Lisa C. Cartier-Giroux
Rebecca R. Perez
Assistant United States Attorneys
Eastern District of Washington
Post Office Box 1494
Spokane, WA 99210-1494
Telephone:  (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:25-CR-00113-RLP-2, 8, 9 |
| Plaintiff, | |
| v. | UNITED STATES' SUBMISSION REGARDING THE PROPER DEFINITION OF "FORCE" IN CASES CHARGING 18 U.S.C. § 372 |
| JUSTICE FORRAL, BAJUN DHUNJISHA MAVALWALLA II, and JAC DALSITO ARCHER, | |
| Defendants. | |

Plaintiff United States of America, by and through Lisa Cartier-Giroux and Rebecca R. Perez, Assistant United States Attorneys for the Eastern District of Washington, submits the following response to the Court's requested briefing on the proper definition of "force" in cases charging violations of 18 U.S.C. § 372.

The United States continues to submit that its proposed definition for "force" under § 372 is a correct statement of the law: "Force includes the slightest intentional physical contact.  It does not require resistance or even physical aversion on the part of the victim.  It does not require that the contact caused physical injury."

UNITED STATES' SUBMISSION REGARDING "FORCE" IN 18 U.S.C. § 372 - 1

This definition comes from the Supreme Court and Ninth Circuit's definitions for "force" in offenses derived from the common law, such as battery, assault, and robbery – and presumably, § 372. *See Johnson v. United States*, 559 U.S. 133, 139 (2010) ("The common law held this element of 'force' to be satisfied by even the slightest offensive touching.") (citing 3 W. Blackstone, *Commentaries on the Laws of England* 120 (1768) and other authorities); *see United States v. Castleman*, 572 U.S. 157, 157 (2014) ("At common law, the element of force in the crime of battery was 'satisfied by even the slightest offensive touching.'") (quoting *Johnson*); *United States v. Castro*, 71 F.4th 735, 739–40 (9th Cir. 2023) (noting that after *Castleman* "the common-law meaning of force fits perfectly" to misdemeanor domestic violence); *see also United States v. Smith*, 719 F.3d 1120, 1125 (9th Cir. 2013) (citing Webster's Dictionary to define "force" as "violence or such threat or display of physical aggression toward a person as reasonably inspires fear of pain, bodily harm, or death"); *United States v. Payne*, 2017 WL 8941311, at *4 (D. Nev. Jan. 3, 2017) ("The statutory terms 'force, intimidation, or threat' are not complicated terms or terms difficult to understand; rather, they are common in federal criminal law and defined in dictionaries. . . . Section 372 is straightforward: it prohibits individuals from conspiring to keep government employees from doing their jobs.") (rejecting void-for-vagueness challenge).

UNITED STATES' SUBMISSION REGARDING "FORCE" IN 18 U.S.C. § 372 - 2

This common law understanding of "physical force" as "actual and intentional touching – the level of force necessary to commit common-law misdemeanor battery" was approved by the Supreme Court as recently as 2019. *Stokeling v. United States*, 586 U.S. 73, 73 (2019) (affirming "actual and intentional touching" as the level of physical force necessary to commit robbery at common law, and concluding that "the force necessary for misdemeanor battery does not require resistance or even physical aversion on the part of the victim; the 'unwanted' nature of the physical contact itself suffices to render it unlawful."). Even in dissent, Justice Sotomayor (joined by Justices Roberts, Ginsburg, and Kagan), noted the basic legal principle that "at common law, 'force' could be 'satisfied by even the slightest offensive touching.'" *Stokeling*, 586 U.S. at 95 (Sotomayor, J., dissenting) (quoting *Johnson*, 559 U.S. at 139). Unsurprisingly, then, the District Court for the District of Columbia recently affirmed this understanding in its jury instructions in another case charging conspiracy to impede federal officials in the execution of their duties:

> *Force is defined in the conventional or ordinary sense.* An act involves force if it threatens or results in violence or if it threatens or results in harming or destroying property or harming or killing people. *It is not necessary for the government to show that force was actually used by the conspirators. Nor is it necessary for the government to prove that the conspirators agreed as to every detail of how force was to be used, or as to the specific targets of the use of force.* Indeed, just as participants in a legitimate business venture may be unaware of details or may disagree about details, and still be working together to make a profit, so too participants in a criminal venture may be unaware of details or disagree about details and still be working together to further an unlawful purpose. However, the government

UNITED STATES' SUBMISSION REGARDING "FORCE" IN 18 U.S.C. § 372 - 3

must prove at least that the conspirators intended that force would be used.

*United States v. Rhodes III, et al.*, 2022 WL 17091830 (Nov. 2, 2022, D.D.C.) (emphasis supplied) (convictions subsequently vacated by pardons).

Defendant cites *Johnson* for the proposition that "Force means conduct which is capable of causing physical pain or injury to another person. This definition excludes incidental or mere touching and requires a substantial degree of power."  ECF No. 298 at 19.  This citation, which obviously misstates the definition of force in non-violent charges, is puzzling to the United States on two grounds.

First, after noting that "[a]ll of these definitions [of force] suggest a degree of power that would not be satisfied by the merest touching," the Court *specifically relied on the common law definition to decide whether it applied*: "There is, however, a more specialized legal usage of the word 'force': its use in describing one of the elements of the common-law crime of battery, which consisted of the intentional application of unlawful force against the person of another.  The common law held this element of "force" to be satisfied by even the slightest offensive touching." *Johnson*, 559 U.S. at 139 (citations omitted).  Thus, in *Johnson*, the Court was called upon to determine "whether the term 'force' in 18 U.S.C. § 924(e)(2)(B)(i) has the specialized meaning that it bore in the common-law definition of battery."  *Id.* Needless a point to belabor to anyone who has practiced federal criminal law in the last two decades, that "specialized meaning" refers to whether a Defendant's prior

conviction constitutes a "*violent felony*" under 18 U.S.C. § 924(e) – not every common law crime in which force is an element. *Castleman*, 572 U.S. at 163 ("In defining a '*violent* felony,' we held, the phrase 'physical force' must mean *violent* force. But here, the common-law meaning of 'force' fits perfectly: "The very reasons we gave for rejecting that meaning in defining a 'violent felony' are reasons to embrace it in defining a 'misdemeanor crime of domestic violence.'") (cleaned up, emphases in original, quotations and citations omitted). Just last year in *Delligatti*, the Supreme Court again reiterated the distinction between the level of force necessary to satisfy crimes of violence, on the one hand, and common law crimes that require only "battery-level force, which can be satisfied by even the slightest touching":

> The *Castleman* majority held that because of § 922(g)(9)'s particular focus on *misdemeanor* crimes of *domestic* violence, the phrase "use of physical force" in that statute requires only battery-level force, which can be satisfied by "'even the slightest offensive touching.'" The majority thereby distinguished *Johnson*, where this Court had held that the same phrase in the elements clause of the Armed Career Criminal Act (ACCA) required a higher showing of "*violent* force—that is, the force capable of causing physical pain or injury to another person."

*Delligatti v. United States*, 604 U.S. 423, 430–31 (2025) (cleaned up, additional quotations and citations omitted).

The United States does not now assert, and never has asserted, that any conduct committed by any of the three remaining Defendants meets the definition of *a crime of violence* or a *violent felony* – nor would the jury need to so conclude in order to convict on the actual § 372 count that is charged.

UNITED STATES' SUBMISSION REGARDING "FORCE" IN 18 U.S.C. § 372 - 5

Unlike in *Johnson*, Defendants are charged with conspiracy to impede under § 372, which includes not only force, but intimidation or threats as means of committing the offense. *See* 18 U.S.C. § 372. Written into *this* statute – unlike § 924(e) – there are *non-violent* ways to commit the offense. The Court should reject the attempt to crowbar the definition of force required to commit a "*violent* felony" under *Johnson* into the jury instructions here, where the evidence will not, and need not, demonstrate an act of *violence* for § 372 to be met on any of its three disjunctive prongs. *Johnson* is the right authority — for the principle espoused by the United States: "The common law held this element of 'force' to be satisfied by even the slightest offensive touching." *Johnson*, 559 U.S. at 139.

Second, the Supreme Court confirmed in *Johnson* that the definition of "force" it was analyzing in the context of "violent felony" under § 924(e) was not a one-size-fits-all-statutes definition of force, particularly for common law offenses like battery:

> The question is whether the term "force" in 18 U.S.C. § 924(e)(2)(B)(i) has the specialized meaning that it bore in the common-law definition of battery. The Government asserts that it does. We disagree.
>
> Although a common-law term of art should be given its established common-law meaning, we do not assume that a statutory word is used as a term of art where that meaning does not fit. Ultimately, context determines meaning, and we do not force term-of-art definitions into contexts where they plainly do not fit and produce nonsense. Here we are interpreting the phrase "physical force" as used in defining not the crime of battery, but rather the statutory category of "violent felonies," § 924(e)(2)(B).

*Johnson*, 559 U.S. at 139–40 (cleaned up, citations and quotations omitted).

UNITED STATES' SUBMISSION REGARDING "FORCE" IN 18 U.S.C. § 372 - 6

The Ninth Circuit has, of course, followed the Supreme Court to come to the conclusion that when defining terms in a statute, context matters: "we will not blindly import a definition when the context makes clear that doing so would be inappropriate." *United States v. Rivera–Constantino*, 798 F.3d 900, 906 (9th Cir. 2015) (rejecting defendant's assertion that a generic conspiracy definition in the immigration context was binding on the interpretation of a sentencing guideline).

Where, as here, the context is not crimes of violence, violent felonies, or violent conduct, the definition of force is, and ought to be, the traditional common law definition affirmed by the Ninth Circuit and Supreme Court in all kinds of common law contexts: "[t]he common law held this element of 'force' to be satisfied by even the slightest offensive touching." *Johnson*, 559 U.S. at 139.  The United States respectfully submits that the trial evidence has shown that each Defendant did indeed conspire to impede federal officers in the executing of their official duties, through "force, intimidation, or threats" – without committing, and without needing to commit, any of that conduct constituting "violence" under the "crime of violence" or "violent felony" definitions elsewhere in the law.

Dated:  May 19, 2026

*s/ Lisa C. Cartier Giroux*
Lisa C. Cartier Giroux
Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to defense counsel of record.

s/ Lisa C. Cartier Giroux
Lisa C. Cartier Giroux
Assistant United States Attorney