Carl J. Oreskovich, WSBA #12779
Andrew M. Wagley, WSBA #50007
ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 West Riverside Avenue, Suite 210
Spokane, WA  99201
Phone: (509) 747-9100
Email: carl@ettermcmahon.com
Email: awagley@ettermcmahon.com
*Attorneys for Defendant Jac Dalitso Archer*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAC DALITSO ARCHER, *et al*.,<br><br>Defendants. | No. 2:25-CR-00113-RLP-9<br><br>**DEFENDANTS' BRIEFING RE: DEFINITION OF "FORCE" UNDER 18 U.S.C. § 372** |

COMES NOW, Defendant Jac Dalitso Archer, by and through their attorneys of record, and hereby submits the following Defendants' Briefing Re: Definition of "Force" Under 18 U.S.C. § 372.

On May 8, 2026, Defendant Justice Forral filed Proposed Jury Instructions, which were subsequently joined by Defendants Jac Archer and Bajun

Briefing Re: Definition of "Force"
Under 18 U.S.C. § 372—Page 1

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

Mavalwalla.  (*See* ECF No. 298; ECF No. 311; ECF No. 318.)  Defendants' Proposed Jury Instruction No. 14 provides the definition of "force" as:

> Force means conduct which is capable of causing physical pain or injury to another person.  This definition excludes incidental or mere touching and requires a substantial degree of power.[1] Force does not include actions which constitute resistance, opposition, or an impediment to an officer's duties.[2]

(ECF No. 298 at p. 18.)  Footnote 1 to Proposed Jury Instruction No. 14 provides: "Force as defined in *Johnson v. United States*, 559 U.S. 133, 140 (2010)."  (*Id*.)  In turn, Footnote 2 provides: "*Cheffer v. Reno*, 55 F.3d 1517, 1521 (11th Cir. 1995) (definition of 'force' in Freedom of Access to Clinic Entrances Act of 1994, 18 U.S.C. 248, means 'physical force' to comply with First Amendment and not restrict pure speech); *United States v. Rhodes*, 610 F. Supp. 3d 29, 51 (D.D.C. 2022) (Section 372 'was designed to protect Federal officers by providing for Federal prosecution whenever they were injured because of or in the course of their duties'); *United States v. Chapman*, 528 F.3d 1215, 1220 (9th Cir. 2008) (assault for purposes of 18 U.S.C. 111(a) does not include passive resistance to arrest)."  (*Id*.)

Section 372 does not provide a definition of "force."  Similarly, counsel has been unable to locate any caselaw regarding the definition of "force" under

Briefing Re: Definition of "Force"
Under 18 U.S.C. § 372—Page 2

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

18 U.S.C. § 372. Additionally, counsel has been unable to locate any legislative history explicitly defining "force" under the pertinent statute.

In *United States v. Rhodes*, 610 F. Supp. 3d 29 (D.D.C. 2022), Defendants unsuccessfully moved to dismiss a § 372 charge in relation to the January 6, 2021 insurrection based upon an argument that members of Congress are not "officers" of the United States. In rejecting this argument, the United States District Court for the District of Columbia looked towards "the historical roots of § 372 and the reasons for its passage," stating:

> The Ku Klux Klan Act "was enacted by a Congress acutely aware of the <u>massive and **frequently violent** resistance</u> in the southern states to federal Reconstruction after the Civil War." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). Section 372 itself "was designed to protect Federal officers by providing for Federal prosecution whenever they were **<u>injured</u> <u>because of or in the course of their duties</u>**." Conspiracy to Impede or Injure an Officer of the United States, 18 U.S.C. § 372, 1 Op. O.L.C. 274, 276 (1977).

*Rhodes*, 610 F. Supp. 3d at 51. As such, the purpose of § 372 is to avoid "violent resistance" and an officer being "inured because of or in the course of their duties." *Id*.

In *Cheffer v. Reno*, 55 F.3d 1517 (11th Cir. 1995), the Eleventh Circuit Court of Appeals analyzed the meaning of "force" under the Freedom of Access to Clinic Entrances Act of 1994, 18 U.S.C. § 248, for purposes of a challenge to

Briefing Re: Definition of "Force"
Under 18 U.S.C. § 372—Page 3

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

the statute's constitutionality under the First Amendment.  In turn, 18 U.S.C. § 248 provides in pertinent part:

> **(a) Prohibited activities.**—Whoever—
> **(1)** by <u>force or threat of force</u> or by physical obstruction, intentionally injures, intimidates or interferes with or attempts to injure, intimidate or interfere with any person because that person is or has been, or in order to intimidate such person or any other person or any class of persons from, obtaining or providing reproductive health services;
> **(2)** by <u>force or threat of force</u> or by physical obstruction, intentionally injures, intimidates or interferes with or attempts to injure, intimidate or interfere with any person lawfully exercising or seeking to exercise the First Amendment right of religious freedom at a place of religious worship; or
> **(3)** intentionally damages or destroys the property of a facility, or attempts to do so, because such facility provides reproductive health services, or intentionally damages or destroys the property of a place of religious worship,
> shall be subject to the penalties provided in subsection (b) and the civil remedies provided in subsection (c). . . .

18 U.S.C. § 248(a).  In *Cheffer*, the Eleventh Circuit held that in order to pass First Amendment muster, "the term 'force' in the context of the instant statute means '<u>physical force</u>.'"  55 F.3d at 1521 (citing *Am. Life League, Inc. v. Reno*, 47 F.3d 642 (4th Cir. 1995)).  As such, "the prohibition of 'force' in this statute does not involve pure speech; rather, it involves only physical force."  *Cheffer*, 55 F.3d at 1521.  The *Cheffer* Court went on to further indicate: "The term 'force' is often interpreted to mean 'physical force.'"  *Id.* (citing *Johnson v. Mississippi*, 421 U.S. 213 (1975)).

Briefing Re: Definition of "Force"
Under 18 U.S.C. § 372—Page 4

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

This logic and reasoning is consistent with other authorities regarding the meaning of a "true threat" in order to satisfy the First Amendment.  As with the "true threat" standard, § 372 includes both a subjective intent and objective standard: (1) "the speaker or actor must intend his or her words or conduct to intimidate or to be a threat," and (2) "those words or conduct [must be] such that a reasonable person hearing or observing them would foresee that they would be interpreted as a serious expression of intent to harm or assault." *United States v. Ehmer*, 87 F.4th 1073, 1120-21 (9th Cir. 2023) (italics removed).

Based upon the foregoing, the definition of "force" under § 372 must require physical or violent force to satisfy the First Amendment and intent and purpose of the statute.  *See, e..g, Rhodes*, 610 F. Supp. 3d at 51 (purpose of § 372 is to avoid "violent resistance" and an officer being "injured because of or in the course of their duties"); *Cheffer*, 55 F.3d at 1521 (in order to pass First Amendment muster, "the term 'force' in the context of the instant statute [18 U.S.C. § 248(a)] means 'physical force'"); *Ehmer*, 87 F.4th at 1120-21 (application of "true threat" standard under § 372).

In *Johnson v. United States,* 559 U.S. 133 (2010), the Supreme Court of the United States determined what constitutes "physical force" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924.  The *Johnson* Court held that

Briefing Re: Definition of "Force"
Under 18 U.S.C. § 372—Page 5

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

"physical force" under the ACCA equates violent force, "that is, force capable of causing physical pain or injury to another person" and "a substantial degree of force." 559 U.S. at 140. In coming to this conclusion, the *Johnson* Court disagreed that "physical force" is satisfied by "even the slightest offensive touching." *Id*. at 139.

Consistent with these parameters and the definition of "physical force" pursuant to *Johnson*, the first two sentences of Defendants' Proposed Jury Instruction No. 14 provides: "Force means conduct which is capable of causing physical pain or injury to another person. This definition excludes incidental or mere touching and requires a substantial degree of power." (ECF No. 298 at p. 18.)

In *United States v. Chapman*, 528 F.3d 1215, 1216 (9th Cir. 2008), the Ninth Circuit held that misdemeanor "simple assault" 18 U.S.C. § 111(a) did not encompass "nonviolent civil disobedience." The Ninth Circuit defined simple assault as "'either a willful attempt to inflict injury upon the person of another, or . . . a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.'" *Chapman*, 528 F.3d at 1219-20. The *Chapman* Court indicated that assault for purposes of § 111(a) did not include "actions [which] might have

Briefing Re: Definition of "Force"
Under 18 U.S.C. § 372—Page 6

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

constituted 'resistance,' 'opposition,' or an 'impediment'" to the officer's execution of duties.  528 F.3d at 1220.  As such, the Ninth Circuit concluded: "By 'tensing up' in anticipation of [the officer's] arrest and disobeying his orders to move and lie down, [the defendant] may have made the officers' job more difficult, but his actions did not amount to a simple assault." *Id*. at 1222.

The final sentence of Defendants' Proposed Jury Instruction No. 14 indicates: "Force does not include actions which constitute resistance, opposition, or an impediment to an officer's duties."  (ECF No. 298 at p. 18.) This language mirrors the above-quoted portions of *Chapman*.  As the force required by § 372 (felony) is more than what is required for simple assault under § 111(a) (misdemeanor), this is an appropriate instruction of the law.

Based upon the foregoing, Defendants respectfully requests that the Court adopt the definition of "force" contained in Defendant Forral's Proposed Jury Instruction No. 14.

RESPECTFULLY SUBMITTED this 20h day of May, 2026.

By:   /s/ Andrew M. Wagley
Carl J. Oreskovich, WSBA #12779
Andrew M. Wagley, WSBA #50007
*Attorneys for Defendant Archer*

Briefing Re: Definition of "Force"
Under 18 U.S.C. § 372—Page 7

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all of the attorneys that have appeared in this case and have registered with the CM/ECF System.

EXECUTED this 20th day of May, 2026 in Spokane, WA.

By:  /s/ Andrew M. Wagley
      Andrew M. Wagley

Briefing Re: Definition of "Force"
Under 18 U.S.C. § 372—Page 8

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100