FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 27, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:25-CR-00113-RLP-2, 8, 9 |
| Plaintiff, | FINAL JURY INSTRUCTIONS |
| v. | |
| JUSTICE FORRAL, BAJUN DHUNJIHA MAVALWALLA II, and JAC DALITSO ARCHER, | |
| Defendant. | |

**FINAL INSTRUCTIONS GIVEN BY THE COURT**

DATED May 27, 2026.

_____
REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. You will each be given a copy of these instructions for you to consult during your deliberations.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into

anything I may have said or done as any suggestion as to what verdict you should

return—that is a matter entirely up to you.

INSTRUCTION NO. 2

The Indictment is not evidence. The Defendants have pleaded not guilty to the charge. A defendant is presumed to be innocent unless and until the Government proves the defendant guilty beyond a reasonable doubt. In addition, the Defendants do not have to testify or present any evidence. The Defendants do not have to prove innocence; the Government has the burden of proving every element of the charge beyond a reasonable doubt as to each defendant.

INSTRUCTION NO. 3

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that a defendant did not testify.

The Defendants Mavalwalla and Archer have testified. You should treat this testimony just as you would the testimony of any other witness.

INSTRUCTION NO. 4

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the Government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find the defendant guilty.

INSTRUCTION NO. 5

You are here only to determine whether the Defendants are guilty or not guilty of the charge in the Indictment. The Defendants are not on trial for any conduct or offense not charged in the Indictment.

INSTRUCTION NO. 6

A separate crime is charged against each defendant. The charges have been joined for trial. You must consider and decide the case of each defendant separately. Your verdict as to one defendant should not control your verdict as to any other defendant.

INSTRUCTION NO. 7

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness; and

Second, the exhibits received in evidence; and

Third, any facts to which the parties have agreed.

INSTRUCTION NO. 8

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence, and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and have said at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 9

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 10

The Indictment charges that the offense was committed "on or about" a certain date. Although it is necessary for the Government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the Indictment, it is not necessary for the Government to prove that the offense was committed precisely on the date charged.

INSTRUCTION NO. 11

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it

differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

INSTRUCTION NO. 12

You have heard testimony that a defendant or a co-conspirator made a statement. It is for you to decide (1) whether the defendant or the co-conspirator made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant or a co-conspirator may have made it.

INSTRUCTION NO. 13

During the trial, you heard evidence that Defendant Archer made statements after alleged conspiracy ended on June 11, 2025. Those statements were admitted only against Archer and should not be considered as evidence against any other defendant.

It is for you to decide (1) whether the Defendant Archer made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

INSTRUCTION NO. 14

Before I instruct you as to the elements the Government must prove beyond a reasonable doubt in order for you to find any defendant guilty of the conspiracy charge, I will explain in general the law relating to the crime of conspiracy.

A conspiracy is a kind of criminal partnership - an agreement of two or more persons to engage in illegal conduct. The crime of conspiracy is the agreement itself to do something unlawful; it does not matter whether the crime agreed upon was actually committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in A-D in the following instruction (as set forth in the Indictment) as an object or purpose of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by knowingly participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who knowingly joins an existing conspiracy is

as responsible for it as the originators. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all the other members. It is not a defense that a person's participation in a conspiracy was minor or for a short period of time. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act furthering the object of the conspiracy does not itself have to be unlawful. A lawful act may be done for the purpose of carrying out the conspiracy. The Government is not required to prove the Defendant personally committed an overt act done for the purpose of carrying out the conspiracy.

INSTRUCTION NO. 15

The Government charges Defendants, Justice Forral, Bajun Mavalwalla II, and Jac Archer, in the Indictment with Conspiracy to Impede or Injure Officers in violation of Section 372 of Title 18 of the United States Code. For a defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt as to each Defendant:

First, on or about June 11, 2025, there was an agreement between two or more persons, in any State, Territory, Possession, or District of the United States to do one or more of the following:

A. to prevent by force, intimidation, or threat, any officer of the United States from discharging any of their official duties; or

B. to injure the person of any officer of the United States on account of their lawful discharge of their official duties or while they were engaged in the lawful discharge of their official duties; or

C. to injure the property of any officer of the United States on account of their lawful discharge of their official duties or while they were engaged in the lawful discharge of their official duties; or

D. to injure the property of any officer of the United States so as to molest, interrupt, hinder, or impede them in the discharge of their official duties.

Second, the Defendant became a member of the conspiracy knowing of its

purpose and intending to help accomplish that purpose; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

INSTRUCTION NO. 16

The following definitions apply in this case:

An act involves "force" if it threatens or results in violence or if it threatens or results in harming or destroying property or harming or killing people. Merely tensing up or merely resisting does not, by itself, constitute "force."

In order for speech or expressive conduct to qualify as "intimidation" or a "threat" in this context: (1) the speaker or actor must intend their words or conduct to intimidate or to be a threat, and (2) those words or conduct must also be such that a reasonable person hearing or observing them would foresee that they would be interpreted as a serious expression of intent to harm or assault.

An act is done "knowingly" if the Defendant is aware of the act and does not act through ignorance, mistake, or accident. The Government is not required to prove that the Defendant knew their acts or omissions were unlawful. You may consider evidence of the Defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the Defendant acted knowingly.

The term "officer of the United States" means any person who is employed either full-time or part-time by the United States Immigration and Customs Enforcement, Homeland Security Investigations, Bureau of Alcohol, Tobacco, Firearms, and Explosives, and/or the United States Border Patrol.

An officer is engaged in the lawful discharge of official duties when they are

acting within the scope of their employment, that is, when the officer is acting within the scope of what they are employed to do or acting within their agency's overall mission, as distinguished from engaging in a personal frolic of their own.

INSTRUCTION NO. 17

A defendant may be found guilty of Conspiracy to Impede or Injure any Officer of the United States in the Discharge of their Official Duties, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime. To prove a defendant guilty of Conspiracy to Impede or Injure any Officer of the United States in the Discharge of their Official Duties by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else committed Conspiracy to Impede or Injure any Officer of the United States in the Discharge of their Official Duties;

Second, the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of Conspiracy to Impede or Injure any Officer of the United States in the Discharge of their Official Duties;

Third, the defendant acted with the intent to facilitate Conspiracy to Impede or Injure any Officer of the United States in the Discharge of their Official Duties; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were

helpful to that person or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit Conspiracy to Impede or Injure any Officer of the United States in the Discharge of their Official Duties.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

The Government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

INSTRUCTION NO. 18

The First Amendment of the United States Constitution protects an individual's right to association, to protest the government, and to engage in free speech, including speech that you might find vile, hateful, or offensive. The First Amendment does not, however, provide a right to engage in speech that is integral to criminal conduct. Nor does the First Amendment protect statements that constitute "intimidation" or "threats," as defined in these instructions.

You may not find that a defendant committed a crime, or that a conspiracy existed, simply because you find that a defendant, or other individuals, engaged in speech you find to be offensive. Nor may you find the defendant guilty or not guilty simply because the defendant participated in a protest that you disagree or agree with politically.

You may, however, consider the statements made by Defendants and other individuals as evidence that, for example, a conspiracy existed, a defendant entered into a conspiracy, or a defendant had a certain motive, intent, or knowledge.

INSTRUCTION NO. 19

You must decide whether the conspiracy charged in the indictment existed, and, if it did, who at least some of its members were. If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed. Similarly, if you find that any defendant was not a member of the charged conspiracy, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

INSTRUCTION NO. 20

Any possible case against other possible co-conspirators or co-defendants is not before you. Do not speculate as to why. The circumstances of other possible co-conspirators or co-defendants should not influence your verdicts with reference to the three Defendants on trial, and you must base your verdicts solely on the evidence against the Defendants on trial.

INSTRUCTION NO. 21

When you begin your deliberations, elect one member of the jury as your presiding juror who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear,

public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

INSTRUCTION NO. 22

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other form of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror

who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

INSTRUCTION NO. 23

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the Government has proved its case against the defendant beyond a reasonable doubt.

INSTRUCTION NO. 24

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

INSTRUCTION NO. 25

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer and monitors will be available to you in the jury room.

A court technician will show you how to operate the computer; and how to locate and view the exhibits on the computer. You will also be provided with a paper list of all exhibits received in evidence. If you need additional equipment or supplies or if you have questions about how to operate the computer, you may send a note through the Court Security Officer, signed by your presiding juror or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the Courtroom Deputy present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any outside website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data or media from the jury room, and do not copy any such data.

INSTRUCTION NO. 26

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

INSTRUCTION NO. 27

Verdict forms have been prepared for you. There is a separate verdict form for each Defendant. All answers on your verdict form must be unanimous.

After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the Court Security Officer that you are ready to return to the courtroom.