FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 22, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

JUSTICE FORRAL,
BAJUN DHUNJISHA
MAVALWALLA II,
and JAC DALITSO ARCHER,

Defendants.

No. 2:25-CR-0113-RLP-2,8,9

ORDER DENYING MOTION FOR LEAVE TO FILE AMICUS BRIEF

Before the Court are motions from the American Civil Liberties Union of Washington Foundation ("ACLU-WA") for Leave to File an Amicus Brief (ECF No. 441) and for Expedited Hearing (ECF No. 442). The ACLU-WA seeks to file an amicus brief in support of Defendants' Motions for Judgment of Acquittal and Motions for New Trial. ECF Nos. 357, 374, 428, 429, and 430. ACLU-WA also requests discovery and an evidentiary hearing to determine if Defendants were

selectively prosecuted based on their political beliefs. The Government opposes the ACLU-WA's request as duplicative and untimely.

For the reasons set forth below, the Court agrees with the Government and denies the ACLU-WA's motion. Nevertheless, the Court directs the parties to focus on an outstanding legal issue in their remaining filings with the Court.

## BACKGROUND

On July 9, 2025, an Indictment was issued charging the Defendants with Conspiracy to Impede or Injure Officers in violation of 18 U.S.C. § 372. ECF No. 1. On September 8, 2025, the Court held a pretrial hearing. At the hearing, the Defendants requested additional time to prepare for trial and to file pretrial motions. The Government did not oppose the request for a continuance and trial was scheduled for May 18, 2026. *See* ECF No. 173. The Court also scheduled a pretrial conference for April 20, 2026 and directed all pretrial motions be filed and served on or before March 2, 2026. *Id*.

On February 13, 2026, Defendant Archer filed an unopposed motion to extend Defendants' discovery disclosure and pretrial motions deadline and to set a motion to dismiss briefing schedule. ECF No. 237. The motion explained Defendant Archer planned to file a motion to dismiss on First Amendment grounds by March 2, 2026. Because that motion could have been dispositive, Defendant Archer requested the First Amendment motion be considered before April 15, 2026

and, should the motion be denied, any remaining motions be filed by April 17, 2026, with a hearing date before May 14, 2026. *Id*. The Court granted Defendant Archer's motion in part and directed Defendant Archer's motion to be filed by March 2, 2026, with a hearing date of April 14, 2026 and any remaining motions be filed by April 13, 2026, with a hearing date of May 5, 2026. ECF No. 238.

Defendant Archer filed the Motion to Dismiss the Indictment under the First Amendment on March 2, 2026. ECF No. 242. The other pending defendants (Forral and Mavalwalla) joined the motion. ECF Nos. 240, 249. Defendant Archer's motion did not claim selective prosecution. Rather, Defendant Archer argued the conduct forming the basis of the Indictment constituted constitutionally protected speech. On April 20, 2026, the Court issued a written ruling denying the motion to dismiss. The Court's ruling was limited to Defendant Archer's facial challenge to the Indictment. The Court did not rule on whether the facts underlying the Indictment would be sufficient to withstand a First Amendment challenge. ECF No. 276.

On April 23, 2026—ten days after the motions deadline and less than one month before trial—Defendant Forral filed a motion to dismiss for selective prosecution. ECF No. 278. The Court denied Defendant Forral's motion as untimely. ECF No. 280, 287. The Court noted Defendant Forral had never sought

discovery on selective prosecution and the facts referenced in Defendant Forral's motion had been known for months. ECF No. 287.

On May 28, 2026, a jury issued guilty verdicts as to all three Defendants. ECF Nos. 365, 366, 367. The Court then directed briefing on Defendants' post-conviction motions. ECF No. 368. Defendants were directed to file opening briefs on or before June 11, 2026, with response briefs due on or before June 26, 2026. *Id*.

Defendants sought extensions of time to file their post-trial motions, due to the need to obtain and review applicable transcripts and conduct additional research. ECF No. 370, 389, 402. The Court ultimately set a motions deadline for August 21, 2026. ECF No. 403. A final set of motions were filed by Defendants on August 21, 2026, requesting acquittal under FRCrP 29 and a new trial under FRCrP 33. ECF Nos. 428, 429, 430. Pages 71-76 of Defendant Forral's motion makes a selective prosecution claim and requests discovery and an evidentiary hearing. ECF No. 428.

On August 25, 2026, the Government sought permission to extend its response deadline to October 26, 2026. ECF No. 432. The Court granted this request. ECF No. 434. The Court ordered the Government file its response briefs by October 26, 2026, with reply briefs due by November 9, 2026. ECF 438. A

hearing on Defendants' motions has been scheduled for November 24, 2026. ECF No. 435.

On October 19, 2026—almost two months after the deadline for Defendants' opening briefs and one week before the Government's response deadline—the ACLU-WA filed its motion to appear as amicus. ECF No. 441. The Government opposes the ACLU-WA's request. ECF No. 443.

## ANALYSIS

This Court has no set rules governing applications for amicus briefs. However, the federal rules of appellate procedure specify an amicus brief must be filed no later than 7 days after the principal brief of the party being supported. FRAP 29(a)(6). The Ninth Circuit's Advisory Committee Note to Circuit Rule 29-1 further advises that "amici briefs should not repeat arguments or factual statements made by the parties."

The Court finds application of the appellate rules to this case appropriate. Applying those rules, the ACLU-WA's request to file an amicus brief should be denied.

The post-conviction motions in this matter have been pending for months. The Court has not received any explanation for why the ACLU-WA could not have sought permission to file an amicus brief in a more timely manner. The briefing in this case is already extensive, with each of the three Defendants being represented

by multiple counsel and having filed over-length briefs. Permitting an amicus filing at this late date will only serve to delay the proceedings and jeopardize the November 24, 2026 hearing date.

In addition, the issues identified by the ACLU-WA have already been raised by the parties and therefore would appear to be repetitive. The Court has already cautioned the parties that lengthy briefing is rarely more persuasive than succinct argument. ECF No. 425. And the Court has already issued an order directing the parties not to "file briefs that are repetitive of other filings." *Id*.

Finally, the ACLU-WA purports to seek discovery and an evidentiary hearing. The Court is aware of no authority for this request. The ACLU-WA is not a party to this proceeding and has not filed a notice of appearance for any of the Defendants.

The Court appreciates the ACLU-WA's interest in this case and is aware of the importance of the legal arguments at issue. However, at this stage in the proceedings, briefing must come to a close and the Court will not permit amicus filing.

**Accordingly, IT IS ORDERED:**

1. ACLU-WA's Motion to File Amicus Brief **(ECF No. 441)** is **DENIED**.

2. ACLU-WA's Motion to Expedite **(ECF No. 442)** is **GRANTED.**

3. The Court has not yet had the opportunity to thoroughly review Defendants' lengthy briefing. Nor has the Government had the opportunity to file its response briefs. But in preparing the remaining briefs and for oral argument, the Court requests the parties focus on the term "intimidation." Much of the briefing thus far has discussed the terms "force" and "threats," while the term "intimidation" has not received separate attention. **The Court therefore seeks further direction on the meaning of the word "intimidation" in the context of the First Amendment and the current charge.**

**IT IS SO ORDERED**. The District Court Executive is hereby directed to enter this Order and to furnish copies to counsel.

DATED October 22, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE